VOLAY *v.* WILLIAMS.

1. MOTOR VEHICLES—CONTRIBUTORY NEGLIGENCE—DIRECTED VERDICT.
    Pedestrian who, while walking on right-hand shoulder of high-
        way, in nighttime, was struck by automobile coming from
        rear, was not guilty of contributory negligence as matter of
        law.

2. SAME—NEGLIGENCE—QUESTION FOR JURY.
    Whether automobile driver, driving at speed of about 50 miles
        an hour, in nighttime, was guilty of negligence in striking
        pedestrian walking on shoulder of highway, *held*, question for
        jury.

3. DAMAGES—EVIDENCE—PLEADING—AMENDMENT.
    Admission of physician's testimony as to injury to plaintiff's
        spine was not error, although said injury was not specifically
        alleged, where declaration was amended to conform thereto,
        and recess granted; and especially where plaintiff, without
        objection, had testified repeatedly that his back was badly in-
        jured.

4. SAME—EXCESSIVE VERDICT.
    Where, as result of personal injuries, plaintiff incurred doctor's
        bill of $170, was unable to work for three or four months
        and then not at his regular employment, at which he had
        earned $28 to $35 per week, and, 12 months later, was still
        weak and dizzy and suffering from injuries to back, verdict
        of $3,500 cannot be said to be excessive, except as to amount
        allowed for permanent injuries, of which there was no proof.

5. APPEAL AND ERROR—DAMAGES—REMITTITUR—CURING ERROR.
    Remittitur of $500 from $3,500 verdict for personal injuries,
        *held*, sufficient to rectify error in permitting jury to award
        damages for permanent injuries, of which there was no proof,
        where, in light of testimony as to injuries, little, if anything,
        could have been allowed for permanent injuries.

Appeal from Van Buren; Warner (Glenn E.), J. Submitted January 20, 1932. (Docket No. 147, Calendar No. 36,241.) Decided April 4, 1932.

Case by John Volay against Gurdon Williams for personal injuries received when hit by defendant's automobile. Verdict and judgment for plaintiff. Defendant appeals. Affirmed conditionally.

*Earl L. Burhans,* for plaintiff.

*Stratton & Evans,* for defendant.

NORTH, J. Plaintiff, while a pedestrian on a public highway, was injured by an automobile driven by the defendant. In his suit for injuries sustained, plaintiff had verdict and judgment for $3,500. Defendant has appealed.

The first two reasons set up in support of the appeal are: (1) That the court should have held plaintiff guilty of contributory negligence as a matter of law, and (2) that there was no testimony tending to establish any specific negligence on the part of defendant, and hence there was no issue of fact on this phase of the case. The accident happened about 9:30 p. m., June 20, 1930. Plaintiff was walking in a northerly direction about two miles north of Watervliet on the highway known as U. S. 31, which was much used by motor vehicles. The macadamized roadway was 16 feet wide, having edges that were rough and somewhat irregular. The adjacent shoulders varied in width from three to five feet. The improved portion of the highway was elevated, leaving a ditch on either side three or four feet deep. The surface of the macadamized roadway was wavy or irregular, and there were tall arching trees on

each side of the road. There was an electric light 830 feet south of the point of accident. Also some considerable distance south there was a curve in the highway; and a little less than 400 feet north the highway again curves. Plaintiff, a man 53 years of age, was familiar with the highway and the nature of the traffic thereon. On the night in question he was walking to his home, some four miles north of the point of accident. He was proceeding along the shoulder on his right-hand side of the road, and noticed by the reflection of the lights in a road sign 50 to 75 feet ahead of him that one or more automobiles were approaching him from the rear. He had first observed these lights on the roadbed as the cars came around the curve behind him. An automobile immediately preceding that driven by defendant passed plaintiff, and, he testified, it did not "have to swing out" for him. An instant later he was struck by defendant's car and injured in manner hereinafter detailed.

Plaintiff alleges defendant was guilty of negligence in that he failed to keep his car under control, drove it at an unlawful rate of speed having regard to the conditions of the highway and traffic, that he did not keep a proper lookout for pedestrians, that he did not drive his automobile at such a rate of speed that he could stop the same within the range of vision, and that defendant carelessly and negligently drove his car onto and against plaintiff.

No testimony was offered in behalf of defendant. It is undisputed that defendant's automobile did strike and injure plaintiff, who was in a position where he had a right to be on a public highway, and, as found by the jury, plaintiff was free from negligence which contributed as a cause of the accident. There is undisputed testimony that, shortly follow-

ing the accident, defendant admitted he did not see plaintiff "until he loomed right in front of him (defendant) all at once," that "he was right on him before he saw him," and that defendant was driving about 50 miles per hour. In view of this and other testimony in the record, it cannot be said as a matter of law that plaintiff was guilty of contributory negligence, and clearly it was a question of fact for determination by the jury as to whether defendant was guilty of the alleged negligence in striking plaintiff.

While the trial was in progress, plaintiff was examined by Dr. A. E. Van Vleck, an osteopath. Later the doctor was sworn as a witness for plaintiff and testified to injuries to plaintiff's spine. Complaint is made by appellant that the declaration contained no specific allegation of this type of injury, and that he was taken by surprise by the testimony offered. The declaration alleged numerous specific injuries such as concussion of the brain, injuries to the chest, the fracture and injury of ribs, injuries and bruises to the head, the left eye and teeth of defendant, also to his legs; and that "his whole body was rendered sore, sick, lame and disordered and various places about it were caused to be bruised, swollen and contused." When defendant's counsel objected to this testimony and moved to strike it out on the ground that it was a surprise, the court granted plaintiff's motion to amend his declaration, and, at the request of defendant's counsel, took a recess to enable him to consult with another physician. The court said:

"Now, Mr. Stratton, if this amendment is a surprise to you I will give you every opportunity to meet it. I will give you a recess now so you may talk with Dr. Yeomans, and I will give you—how many minutes do you want?"

Without receiving a definite reply as to the time desired, the court took a recess. Following this, the testimony of other witnesses was taken, and later in the session Dr. Van Vleck was cross-examined by defendant's counsel without further protest, claim of surprise, or application for continuance. From the outset of his testimony, plaintiff, without objection, had repeatedly stated that his back was badly injured. The testimony given by Dr. Van Vleck was merely that of an expert on the same phase of plaintiff's case. No error was committed.

Appellant further claims that the verdict and judgment was excessive, and that there was error on the part of the trial court in submitting to the jury plaintiff's right to recover damages for permanent injuries; it being asserted by appellant that there was no testimony tending to show plaintiff's injuries were permanent.

As bearing on appellant's claim that the damages awarded are excessive, the undisputed record is that plaintiff was unconscious for four days following the accident, he was confined to his bed for a considerable time, incurred a doctor's bill of $170, he was not able to return to his employment until some time in September or October following, and was not then able to do the work at which he had formerly been employed and at which he had earned $28 to $35 per week. At the time of the trial, more than 12 months after the accident, plaintiff was still having dizzy spells, one of his legs was still weak and troubled him, and he was continuing to suffer from the injuries to his back. Many other details of plaintiff's injuries are covered by testimony which we think it unnecessary to review. Except for the reason hereinafter noted, it cannot be said the damages

awarded are excessive. The circuit judge so held in disposing of defendant's motion for a new trial.

The remaining question is whether the court erred in submitting to the jury plaintiff's right to recover on the ground of having sustained permanent injuries. While there is ample testimony of plaintiff's having been seriously injured, and that at the time of the trial he had not fully recovered, we can find no testimony from which the jury could justly conclude plaintiff's injuries were of a permanent character. But this issue was submitted to the jury in this manner:

"If you find that the plaintiff is permanently injured, or will suffer pain and loss of earnings in the future, then you should inquire how much that is worth."

There is testimony to sustain future damages; but we find no testimony tending to prove that plaintiff's injuries or suffering will be permanent. However, considering the amount found by the jury in the light of plaintiff's testimony as to the injuries he actually received, we are impressed that little, if anything, could have been allowed by the jury as compensation for permanent injuries. We are convinced that a remittitur of a comparatively small amount of the damages awarded will fully rectify any possible error in this respect. The judgment entered in the circuit court will therefore be affirmed provided plaintiff remits the damages in excess of $3,000 within 30 days from the filing of this opinion, otherwise the judgment entered will be reversed, and a new trial granted. Appellant will have costs of this court in either event.

MCDONALD, POTTER, SHARPE, FEAD, WIEST, and BUTZEL, JJ., concurred. CLARK, C. J., did not sit.