HETLER *v.* HOLTROP.

1. Automobiles—Roadside Stands—Negligence—Proximate Cause —Evidence.

In action against appellant electric company, owner of truck, trailer and load of poles which injured plaintiff and demolished his roadside stand, conflicting testimony of appellant's witnesses and operator and passenger of another truck with which pole truck collided shortly before inflicting damage to plaintiff *held,* sufficient to present questions of whether appellant was negligent and whether or not the acts of its employees were a proximate contributing cause of the accident to jury and to support jury's verdict for plaintiff on such questions.

2. Damages—Loss of Profits—Credibility of Witnesses.

Plaintiff's testimony on question of his loss of profits from keeping a roadside stand at time defendant's truck demolished it and injured him, *held,* admissible for what it was worth, the matter of credibility being for jury.

3. Same—Personal Injuries.

Verdict of $1,033.33 to 77-year-old man who was bruised and cut and who will continue to suffer pain for several years from injuries received when defendant's truck and trailer load of poles demolished his roadside stand *held,* within range of testimony, and, not being so great as to shock the judicial conscience, is not excessive as a matter of law.

4. Automobiles—Roadside Stands—Contributory Negligence—Directed Verdict.

Refusal to direct verdict for defendant on ground of plaintiff's contributory negligence because he was sitting in front of his roadside stand which was constructed on shoulder of highway when defendant's truck and trailer load of poles demolished stand and injured plaintiff *held,* not error.

5. SAME—OVERTAKING VEHICLES—GIVING WAY TO RIGHT—SPEED—
   INSTRUCTIONS.

   In action against truck owners and operators whose trucks col-
   lided while one was overtaking the other and overtaken truck
   demolished plaintiff's roadside stand and injured him, instruc-
   tion that overtaken truck should give way to right and not in-
   crease speed until completely passed by overtaking truck *held*,
   justified by testimony by passenger of overtaking truck (1
   Comp. Laws 1929, §§ 4703, 4708).

6. SAME—OVERTAKING VEHICLES—STATUTES.

   Statute requiring driver of overtaken motor vehicle to give way
   to right is not necessarily complied with by mere fact that such
   vehicle is on its proper half of the road but contemplates he
   shall move over towards edge of the road and increase space
   available to the overtaking vehicle (1 Comp. Laws 1929,
   § 4708).

7. SAME—OVERTAKING VEHICLES—PROXIMATE CAUSE—INSTRUCTIONS.

   Upon consideration of entire charge to jury in action by owner
   of roadside stand who was injured when truck and trailer
   demolished his stand after colliding with another truck which
   was in process of overtaking and passing it, portion of charge
   relative to liability of owner of overtaken truck even though
   its driver had done all a prudent and careful driver could have
   done to avoid collision after discovering other truck off the
   side of the road if his prior acts of negligence were the
   proximate cause of placing such truck in such position *held*,
   proper and not a charge that such negligence necessarily
   existed.

8. SAME—OVERTAKING VEHICLES—ROADSIDE STAND—INSTRUCTIONS.

   Instructions to jury in action by owner of roadside stand against
   owners of trucks which collided as one was overtaking and
   passing the other and caused overtaken truck to leave pave-
   ment, demolish plaintiff's stand and injure him, when taken
   as a whole, *held*, to have been fair and to have protected the
   rights of appellant owner of overtaken truck.

Appeal from Berrien; Hartrick (George B.), J.,
presiding. Submitted April 8, 1938. (Docket No. 55,
Calendar No. 39,959.)    Decided October 3, 1938.
Rehearing denied November 10, 1938.

Case by James M. Hetler against John Holtrop, Mrs. Irvin Brown, Western Michigan Transportation Company and Indiana & Michigan Electric Company, corporations, for personal injuries sustained when fruit stand in which he was sitting was demolished as result of accident between two trucks. Verdict and judgment for plaintiff against defendants Holtrop and Indiana & Michigan Electric Company. Defendant electric company appeals. Affirmed.

*White & White,* for plaintiff.

*Thomas N. Robinson,* for defendant Indiana & Michigan Electric Company.

BUSHNELL, J. This action arose out of an accident which occurred on U. S. highway 31, near Arden, Michigan, on September 22, 1936. Plaintiff Hetler owned a fruit stand which was located approximately eight or nine feet from the east edge of the paved portion of the highway. A Ford truck and trailer, belonging to defendant Indiana & Michigan Electric Company, was proceeding in a northerly direction on the highway, hauling two electric light poles. One end of each of the poles was chained to the inside of the truck and the other was on the trailer.

Defendant John Holtrop was a contract hauler for defendant Western Michigan Transportation Company, and Irvin Brown, the husband of defendant Mrs. Irvin Brown, was in the employ of Holtrop. Brown had taken Holtrop's truck and trailer to Elkhart, Indiana, to have a new body put on the trailer. He and his wife were returning in the truck and were also proceeding in a northerly direction. At the time of the accident, Mrs. Brown was driving

the truck. She had followed the electric company's truck for about two miles without being able to pass it. Shortly before reaching the scene of the accident some workmen, standing up in the rear of the electric company's truck, motioned to her to go by. Because she saw that a car was coming from the opposite direction Mrs. Brown waited and, when signalled again, she proceeded to go around the electric company's truck. Brown and his wife testified that she sounded the horn before attempting to pass; and that the load of poles was then swaying from side to side forcing Mrs. Brown to move out towards the left-hand side of the road. The left wheels of the truck dropped off the concrete and, when she pulled back on the pavement, the truck jumped sideways, hit the electric company's truck, and Mrs. Brown then came to a stop on the east side of the road. The electric company's truck went off the pavement to its right, ran into and demolished plaintiff's fruit stand, in which Hetler was sitting; Hetler was covered by the wreckage. He was removed and taken to a doctor, who administered first aid. The doctor testified that Hetler, who was about 77 years old at the time of the accident, "was in reasonable good health prior to this time." As a result of the accident Hetler's face was bruised, his skin was cut, and his knee and leg were injured. He was unable to follow his occupation or do any manual labor for about three weeks thereafter, and the doctor testified that he had not fully recovered at the time of trial, which was about nine months after the accident. The doctor was of the opinion that plaintiff would suffer pain for some years.

The court denied various motions of defendants for a directed verdict, submitted the case to the jury, and a judgment was entered on the verdict in the

sum of $1,033.33 in favor of plaintiff and against defendants John Holtrop and Indiana & Michigan Electric Company. The case is before this court on the appeal of the electric company, which urges reversal without a new trial, and entry of judgment in its favor, on the grounds that the verdict was against the overwhelming weight of the evidence, was excessive as a matter of law, arrived at by the jury by speculation, after the court had erred in denying appellant's motion for a directed verdict because of plaintiff's contributory negligence. It is also claimed that the court erred in some of its instructions to the jury.

Appellant argues that the evidence clearly indicates that it was not negligent or, if it was negligent, that its negligence did not cause the accident; that, therefore, the verdict was contrary to the great weight of the evidence. Brown and his wife both testified that the electric company's truck had gone over to the left-hand side of the road, and Mrs. Brown said the truck had passed the black center line before the impact. They said appellant's truck did not slow down at any time after the signal had been given to pass (see 1 Comp. Laws 1929, §§ 4703, 4708 [Stat. Ann. §§ 9.1571, 9.1576]); and was traveling about 40 miles per hour, and the Holtrop truck had to do about 45 to get by; that the poles were swaying from side to side as they were passing. It was admitted by one of defendant's witnesses that the electric company's truck and trailer moved 185 feet after the impact, with its brakes set, during 75 feet of which all of its four wheels were on the ground. The electric company's employes denied that the truck ever went over on the left-side of the highway before the impact and said that it was impossible for the poles to sway because of the manner

in which they were fastened to the truck and trailer. It was their claim that their vehicle was not traveling faster than 25 miles per hour. This conflict in the testimony made the question of defendant's negligence one of fact for determination by the jury and its verdict was not contrary to the overwhelming weight of the evidence. Nor can we say that there was not sufficient evidence that the acts of defendant (presumably deemed negligent by the jury) were a proximate contributing cause of the accident.

Appellant claims that Hetler's testimony concerning his loss of profits was "speculative," and was therefore improperly admitted over appellant's objection, and should not have been considered by the jury. We cannot see the force of this objection. No claim is made that Hetler's loss of profits was not a proper element of damage. Hetler's testimony was not as satisfactory and detailed as it might have been, but he did state positively on several occasions that his profits from the operation of his stand were at least $30 per day. Hetler's testimony was certainly admissible for what it was worth and the jury was entitled to consider it and include in its verdict compensation for loss of profits.

The amount of damages allowed by the jury is within the range of the testimony and is not so great as to shock the judicial conscience, and is therefore not excessive as a matter of law. *Watrous v. Conor,* 266 Mich. 397.

The argument as to plaintiff's contributory negligence is somewhat novel. It does not seem to be disputed that at least a portion of his fruit stand extended into and upon the 66-foot highway and occupied a portion of the shoulder thereof. The paved portion of the highway is 18 feet wide and plaintiff testified that his stand was approximately eight or

nine feet from the east edge thereof. It may be that plaintiff did not have the right to erect a structure extending into a highway dedicated to the use of the public, but that question is not before us in this appeal. The one presented is whether he was negligent in having constructed his fruit stand on the shoulder of the highway and in being seated in or near the stand. Walking on the shoulder of a highway does not constitute contributory negligence *per se*. *Volay* v. *Williams*, 258 Mich. 184. The instant situation is somewhat similar to that of the *Volay Case*. See, also, *Pearce* v. *Rodell*, 283 Mich. 19.

The court did not err in refusing to direct a verdict on the ground that plaintiff was guilty of contributory negligence.

Appellant complains of the following portion of the charge:

"The driver of a vehicle upon a highway about to be overtaken and passed by another vehicle approaching from the rear shall give way to the right in favor of the overtaking vehicle on suitable and audible signal being given by the driver of the overtaking vehicle and shall not increase the speed of his vehicle until completely passed by the overtaking vehicle."

Appellant says that there was nothing in the testimony to indicate that its driver increased the speed of the truck before being completely passed or that it failed to give way to the right.

This argument is not borne out by the record. Irvin Brown testified:

"We traveled along and were going between 35 and 40. The electric truck was going about the same speed. *They gained a little* when we pulled up beside them."

This may not be very strong evidence of increase in speed but it is sufficient to warrant a charge on the subject.

1 Comp. Laws 1929, § 4708 (Stat. Ann. § 9.1576), which provides that the driver of a vehicle about to be overtaken shall give way to the right, is not necessarily complied with by the mere fact that such vehicle is in its proper half of the road. The statute contemplates that the driver shall move over towards the edge of the road and thus increase the space available to the overtaking vehicle. There was evidence that the driver of the electric truck failed to comply with this statute. Irvin Brown testified:

"I didn't observe that it pulled over any to its right, it was straight along the center line of the pavement at the same rate of speed."

Hetler testified:

"And this truck from Buchanan was almost straddle of the black mark on the road and coming very, very fast."

Fred Hamm, an employee of defendant, testified:

"Our truck didn't at any time vary from the course it was pursuing until we were hit."

Appellant also criticizes the following:

"I further charge you that the defendant Indiana and Michigan Company would not be relieved from liability if the driver did all that a prudent and careful driver could have done to avoid the collision after he discovered the Holtrop truck off the side of the road in the ditch or on the shoulder if his prior acts of negligence were the proximate cause of placing the defendant's truck in that position."

Appellant argues that this instruction impliedly finds as a fact that appellant was guilty of "prior acts of negligence," a matter which it claims should have been left to the jury. This charge was preceded by extensive charges by the trial court in which the question of appellant's negligence was placed in the jury's hands. The jury must have understood that, in the portion of the charge just quoted, the trial court was merely assuming, for the purpose of further explanation of the applicable law, that the jury might possibly find appellant guilty of prior acts of negligence, and was not charging the jury that such negligence necessarily existed.

A similar criticism is made of other instructions of the court, namely, that portions of the charge seem to assume the presence of facts whose existence was at least a question for the jury. However, a reading of the entire charge requires the conclusion that the jury was not misled by the wording of the instructions. The charge, taken as a whole, was fair and sufficiently protected the rights of appellant.

The judgment is affirmed, with costs to appellee.

Wiest, C. J., and Sharpe, Potter, Chandler, North, and McAllister, JJ., concurred. Butzel, J., took no part in this decision.