BITTKER v. GROVES.

MILTON'S, INC., v. GROVES.

1. MASTER AND SERVANT—NEGLIGENCE—SUBCONTRACTOR—SUPERVISION—ROOFS.

In action for injuries to merchandise and fixtures in plaintiffs' stores after subcontractor had placed scaffolding on tar-covered tin roofs thereon while doing construction work on adjoining building, defendant contractor would be liable for damages occasioned by the negligence, if any, of its subcontractor where defendant's superintendent exercised supervision over acts of subcontractor upon the roofs of plaintiffs' buildings.

2. SAME—INDEPENDENT CONTRACTOR—SUPERVISION.

While generally a contractor would not be liable for damages occasioned by the negligence of an independent subcontractor, former remains responsible therefor where he retains or exercises even _quasi_ supervision or control over latter's acts in performance of subcontract, and supervision, in fact exercised, is equivalent to supervision expressly retained in fixing liability of the principal contractor.

3. DAMAGES—FINDING OF COURT—PREPONDERANCE OF EVIDENCE—ABNORMAL RAINFALL.

Finding that roofs to plaintiffs' store buildings were sufficient to withstand abnormal rainfall had it not been for negligence of defendant's subcontractor in erecting scaffolding thereon _held_, not contrary to the preponderance of evidence presented in action for damages to merchandise and fixtures.

4. EVIDENCE—IMPEACHMENT TESTIMONY—FINDINGS OF COURT.

In action for damages to merchandise and fixtures from water which came through roofs which had been damaged through negligence of defendant's subcontractor who had placed scaffolding thereon, contradictory statements of plaintiffs as to defective condition of roof previous to subcontractor's entry thereon, which appear in a special record, _held_, not to constitute substantive evidence, usable only for impeachment purposes and insufficient to change findings made by circuit judge who tried case without a jury.

5. DAMAGES—NEGLIGENCE—LOSS OF PROFITS—EVIDENCE.

In action for damages to merchandise and fixtures in stores, occasioned by negligence of subcontractor for which defendant was responsible, evidence as to plaintiffs' loss of profits _held_, sufficiently certain to sustain finding for plaintiffs as to such element.

6. NEGLIGENCE — ABNORMAL RAINFALL — EVIDENCE — CONDITION OF OTHER PLACES.

Exclusion of testimony concerning effect of the abnormal rainfall on a certain date on the streets and on two other buildings in the vicinity of plaintiffs' buildings _held_, not error, in action for damages to plaintiffs' merchandise and fixtures from water which came through roofs of plaintiffs' buildings which had been damaged because of negligence of defendant's subcontractor in placing scaffolding thereon while working on an adjoining building.

Appeal from Washtenaw; Sample (George W.), J. Submitted June 16, 1939. (Docket Nos. 77, 78, Calendar Nos. 40,510, 40,511.) Decided November 9, 1939.

Case by Belle Bittker and Rose Frank, copartners doing business as Lorraine Shop, against Harold Groves, James A. Moynes & Company, a Michigan corporation, and others for damages for alleged negligence. Separate action of case by Milton's, Incorporated, a Michigan corporation, against Ben Groves, James A. Moynes & Company, and others for damages·for alleged negligence. Cases consolidated for trial and appeal. Dismissed as to all defendants except defendant James A. Moynes & Company. Judgments for plaintiffs. Defendant James A. Moynes & Company appeals. Affirmed.

*Burke & Burke,* for plaintiffs.

*Hooper & Hooper,* for defendant James A. Moynes & Company.

WIEST, J. Two like actions to recover damages occasioned by rain water to merchandise in two store buildings in the city of Ann Arbor are here consolidated, were so tried in the circuit court without a jury and separate judgments entered against defendant James A. Moynes & Company. In the Bittker and Frank case the State Savings Bank of Ann Arbor, Ben Groves, Florence Groves, Nellie Groves, Harold Groves and Jean Groves were also defendants and, at the close of plaintiffs' proofs, on motion of their counsel and by consent of the attorneys for plaintiffs, they were discharged. Like action was had in the Milton's, Incorporated, case. This left James A. Moynes & Company sole defendant.

James A. Moynes & Company had a contract to make alterations, repairs, and new construction on the State Savings Bank Building in Ann Arbor, and sublet to Jacob Hoffman Construction Company at a price of $25,600, "the masonry and concrete work, brick and tile work, stone, granite and cleaning down of building, also wrecking of required masonry and concrete work and the shoring for same." In performing a part of such work the subcontractor had to stand scaffolding on the tar-covered tin roofs of the adjoining store buildings, occupied by plaintiffs, and this necessity was apparent to the principal contractor at the time of letting the subcontract.

Plaintiffs claimed that such use of the roofs damaged the same so that, shortly thereafter, when a heavy rain occurred, water came through the roofs to the stores occupied by them with stocks of merchandise, causing damage thereto.

In one of the stores plaintiffs Bittker and Frank, doing business as Lorraine Shop, had a stock of millinery and ladies ready-to-wear and furnishings damaged by the water, and the court awarded, for damages to the merchandise, rug, and cases, $840, and $300 for loss of profits. In the other store, plaintiff Milton's, Incorporated, had a stock of clothing, and the court awarded damages to merchandise, plus loss of profits amounting to $600, or a total of $1,725.

Upon appeal it is claimed that James A. Moynes & Company cannot be held liable for damages sustained by plaintiff on account of the negligent acts, if any, of the subcontractor; that the damage was occasioned by an abnormal rainfall and the court erred in excluding testimony of the effect of such rainfall on other roofs in the vicinity; also in excluding statements claimed to have been made by the owners of

the buildings as to the condition of the roofs prior to the rainfall; and in awarding loss of profits.

James A. Moynes & Company, as principal contractor, was liable under the evidence for the damage occasioned by the negligence, if any, of the subcontractor. Frank A. Rossbach was defendant's superintendent in charge of the whole job and he exercised supervision over acts of the subcontractor upon the roofs of the store buildings.

Defendant invokes the rule applied in case of an independent contractor, but that rule has many exceptions, and this case, under the evidence, comes within the one wherein the principal, by retention or exercise, or even *quasi* supervision or control, remains responsible.

Use of the store roofs by the subcontractor was called to the attention of the superintendent of the principal contractor, and there was assumption of supervision by him. See *Wight v. H. G. Christman Co.*, 244 Mich. 208. Supervision in fact exercised is equivalent to supervision expressly retained in fixing liability of the principal contractor. The contract between the principal and subcontractor was silent on the subject of supervision. The subcontractor erected scaffolds resting upon the roofs of the buildings occupied by plaintiffs' stores.

Defendant claims that the condition of the roofs and the parapet wall of the buildings, occupied by plaintiffs prior to entry thereon by the subcontractor, was such as not to withstand the abnormal fall of rain.

The condition of the roofs was an issue of fact and we find no occasion for holding the determination of the trial judge contrary to the preponderance of the evidence. At the trial the court held that statements made by the owners of the stores as to the defective condition of the roofs previous to entry thereon by

the subcontractor were inadmissible and testimony along that line was taken in a special record, and counsel for defendant states:

"It must be assumed that the admissions of Ben Groves and Harold Groves above referred to and constituting part of the special record made were not in any way considered by the trial court in determining the proximate cause of the alleged damage resulting to appellees by the entrance of water into the store buildings in question following the June 20th rain."

Benjamin Groves and Harold Groves testified at the trial and were questioned about the previous condition of the roofs.

Contradictory statements, if any, made by them did not constitute substantive evidence, and in no event could it be employed beyond impeaching purposes. Such testimony appearing in the special record, if given consideration, does not lead to any change in the findings made by the circuit judge.

The court was not in error under the evidence in awarding damages for loss of profits. The evidence brought that element of damage to reasonable certainty within the rule stated and employed in *Allison* v. *Chandler*, 11 Mich. 542; *Ludwigsen* v. *Larsen*, 227 Mich. 528; *Rogers* v. *Youngs*, 252 Mich. 420, 424; *Federal Gravel Co.* v. *Railway Co.*, 263 Mich. 341. Neither was the court in error in excluding testimony "concerning the effect of the abnormal rainfall of June 20, 1937, on the streets and on two other buildings in the vicinity of the buildings in question."

We find no reversible error. The judgments are affirmed, with costs to plaintiffs.

BUTZEL, C. J., and BUSHNELL, SHARPE, POTTER, CHANDLER, NORTH, and McALLISTER, JJ., concurred.