DETROIT INDEPENDENT SPRINKLER CO. *v.* PLYWOOD PRODUCTS CORP.

1. CONTRACTS—BREACH OF CONTRACT—PRIORITY RATING.
     In action for breach of contract to install a sprinkler system in defendant's plant, where wartime priority obtained by defendant was insufficient it cannot complain because of such insufficiency where it had assumed responsibility of securing the priority rating in time for plaintiff to install the system where later it filed and secured a higher priority rating and had the system installed by another party.

Breach of contract by hindrance of performance, see 1 Restatement, Contracts, § 315.

2. APPEAL AND ERROR—NONJURY LAW CASE—PREPONDERANCE OF EVIDENCE.

In reviewing cases tried without a jury the finding of the trial judge will not be reversed unless the evidence clearly preponderates in the opposite direction.

3. SAME—FINDINGS OF COURT—EVIDENCE—BREACH OF CONTRACT.

In action for breach by defendant of contract to install a sprinkler system in its plant, finding of circuit judge, sitting without a jury, that defendant had breached the contract *held,* supported by competent testimony.

4. PLEADING—PARTIES—MISNOMER—AMENDMENT.

Amendment of declaration and affidavit for attachment to show that plaintiff was a partnership instead of a corporation was not an abuse of discretion where no one had been misled by the earlier recital and statute of amendments allowed such an amendment to serve the ends of justice (3 Comp. Laws 1929, §§ 14021, 14144; Court Rule No. 72 [1945]).

5. DAMAGES—LOSS OF PROFITS—EVIDENCE.

While damages should be proved with reasonable certainty, damages for loss of profits should not be denied merely because of the difficulty of proof.

6. SAME—LOSS OF PROFITS—CONTRACT PRICE—COST OF PERFORMANCE.

Award of damages in the sum of $12,000 for loss of profits under contract for installation of a sprinkler system in defendant's plant was sustained by evidence where contract price was $62,250 and cost of performance was $49,600.

Appeal from Bay; McCormick (James .L.), J. Submitted January 2, 1945. (Docket No. 4, Calendar No. 42,815.) Decided April 9, 1945.

Assumpsit by Detroit Independent Sprinkler Company, a Michigan corporation, against Plywood Products Corporation, a Michigan corporation, for loss of profit caused by defendant's failure to have plaintiff install a sprinkler system on its premises. Amendment allowed changing name of plaintiff to R. C. Siewart and another, doing business as Detroit Independent Sprinkler Company. Judgment for plaintiff. Defendant appeals. Affirmed.

*Smith & Brooker,* for plaintiff.

*A. H. McMillan* and *Emil Anneke,* for defendant.

Bushnell, J.   On June 2, 1943, plaintiff, Detroit Independent Sprinkler Company, filed an affidavit for a writ of attachment, addressed to defendant Plywood Products Corporation, a Michigan corporation, notifying it that a suit had been commenced in which damages were claimed not exceeding $15,000.   On July 22d plaintiffs filed a declaration in which it was claimed that the indebtedness arose out of defendant's breach of a contract, wherein it had agreed to pay plaintiffs $62,250 for the installation of a wet and dry pipe system of fire extinguishing apparatus in a plant located at Hampton, South Carolina.   The writ of attachment was returned and filed on June 26th.

Defendant filed an answer on August 16, 1943, in which it denied any liability to plaintiffs and claimed that plaintiffs had refused and neglected to perform the contract.   To this answer plaintiffs filed a reply on October 7, 1943, and upon issues thus framed the matter came on to be heard in the circuit court on February 10, 1944.

Before any testimony was taken, defendant's counsel moved to amend the answer by striking out the paragraph thereof in which it had admitted that the plaintiff is a Michigan corporation, and substitute therefor the following:

"Defendant admits that it is a Michigan corporation but denies that plaintiff is a Michigan corporation."

Whereupon plaintiffs' counsel stated that, because of the motion, he desired to correct the misnomer of the party plaintiff and informed the court

that plaintiff is not a corporation but is a partnership made up of R. C. Siewart and Hyman Slakter. Defendant's counsel then insisted that he was entitled to have the action dismissed because plaintiffs proposed to substitute "an entirely different entity." Upon the several motions the court ruled that a continuance would be granted and plaintiffs' amendment permitted. Plaintiffs objected to a continuance and, after considerable colloquy, defendant insisted upon maintaining the position that it was entitled to a discontinuance, whereupon the court granted the amendment and denied a continuance.

After proofs were taken, the trial judge sitting without a jury rendered a verdict in favor of plaintiffs in the sum of $12,000, and entered judgment thereon. On appeal, defendant seeks reversal principally upon the ground that the court erred in not granting its motion to dismiss when it appeared that the suit was begun in the name of "a nonexistent corporation," and in permitting the substitution of a copartnership therefor and amending the attachment proceedings in this respect. Defendant also insists that the proofs show that plaintiffs failed in their duty to obtain a satisfactory priority order from the office of production management to permit the installation of the sprinkler system, and that the performance of the contract was frustrated by war conditions. It further insists that plaintiffs failed to tender performance of their contractual liability within a reasonable time; that the verdict of the trial judge is against the weight of the evidence, and that excessive damages were allowed.

Under the terms of the written contract, plaintiffs agreed to equip defendant's plant with a fire extinguishing system consisting of 3,599 wet pipe automatic sprinklers and 236 dry pipe automatic

sprinklers. The contract consists of a proposal dated September 15, 1941, to which are attached complete specifications and a written acceptance by defendant dated September 16, 1941. These papers are silent as to office of production management priorities, although the priority system had already been established by executive orders in accordance with certain acts of congress. The record contains the applicable orders and regulations, together with a preference rating certificate dated October 30, 1941, secured by defendant and forwarded by it to plaintiffs under date of November 7, 1941. This priority, an A-10 priority rating, was not high enough to enable the work to proceed and correspondence ensued between the parties regarding this difficulty. It is enough to say that defendant assumed the responsibility of securing the priority rating and cannot now complain as to its insufficiency.

Plaintiffs prepared plans for the job, sent two of their employees to Hampton to survey the requirements, but never shipped any material nor performed any installation work on the job, because of the insufficient priority rating. Some time late in 1942, defendant took the position that plaintiffs had abandoned the job; it filed and secured a higher priority rating, and arranged to have the sprinkler system thereafter installed by another contractor, i.e., the Globe Automatic Sprinkler Company.

The trial judge sitting without a jury concluded from the testimony presented to him that the contract in question had been breached by defendant. This determination of a question of fact should not be set aside unless the evidence clearly preponderates in the opposite direction. *Hazen* v. *Rockefeller,* 303 Mich. 536, and authorities therein cited.

There is competent testimony to support the findings of the circuit judge, and the evidence does not clearly preponderate in the opposite direction.

In support of its argument that the amendment to the affidavit and declaration permitted the addition of a party to an action begun by a nonexistent party, appellant cites *Voigt Brewing Co.* v. *Pacifico,* 139 Mich. 284, decided March 7, 1905, which held that an action begun in a name that imports a limited partnership could not be amended to introduce as party plaintiff an individual trading under that name.

It should be noted that decision was rendered in the *Voigt Case* prior to the judicature act of 1915, which added the following language to the statute of amendments, 3 Comp. Laws 1929, § 14144 (Stat. Ann. § 27.838), *i.e.*:

"The court at every stage of the action or proceedings shall disregard any error or defect in the proceedings, which do (does) not affect the substantial rights of the parties."

It should also be noted that in the judicature act a new section was enacted, which reads:

"No action at law or in equity shall be defeated by the nonjoinder or misjoinder of parties. New parties may be added and parties misjoined may be dropped, by order of the court, at any stage of the cause, as the ends of justice require." 3 Comp. Laws 1929, § 14021 (Stat. Ann. § 27.665).

The question presented in the instant case is not one of amendment but rather one of misnomer. Decision on this question is controlled by our holding in the recent case of *Fraser* v. *Collier Construction Co.,* 305 Mich. 1. See, also, *Fraser* v. *Collier Construction Co.,* 297 Mich. 641, and *Coates* v. *Milner*

*Hotels, Inc., post*, 233.   The *Collier Case* was begun by James W. Fraser, Jr., accompanied by an affidavit for a writ of garnishment, executed by him. The indebtedness on the part of Collier was to James W. Fraser, Jr., and William J. Fraser and not to James W. Fraser, Jr., alone. The trial court permitted the addition of William J. Fraser as a party plaintiff during the progress of the trial.   It was held that such an amendment to the pleadings did not change the cause of action and that no one had been misled by the misnomer.   In the instant case no one has been misled by the recital that plaintiff is a corporation when in fact it is a copartnership, and the trial judge properly allowed the amendment to serve the ends of justice, as provided in the cited statutes.   See, also, Court Rule No. 72 (1945).   It cannot be said that the trial judge abused his discretion.

In his opening statement, counsel for plaintiffs informed the court that an actual out-of-pocket expense was incurred in the sum of about $1,500, and the trial judge later directed attention to the fact that no testimony had been introduced in support of this claim.   Therefore, this item was disallowed. The damages awarded in the sum of $12,000 were arrived at by the court as the difference between the cost of performance, $49,600, and the contract price, $62,250, showing a possible gross profit of $12,650.

While damages should be proved with reasonable certainty, *Bittker* v. *Groves*, 291 Mich. 40, the court did not err under the evidence in awarding damages for loss of profits, and such damages should not be denied merely because of the difficulty of proof.  *Callender* v. *Myers Regulator Co.*, 250 Mich. 298.   The damages assessed in the instant case are

sustained by the evidence. *Moline Furniture Works* v. *Club Holding Co.*, 280 Mich. 587.

The judgment is affirmed, with costs to plaintiffs.

Starr, C. J., and North, Wiest, Butzel, Sharpe, Boyles, and Reid, JJ., concurred.