COUYOUMJIAN *v.* BRIMAGE.

1. Evidence—Damages—Net Earnings—Best Evidence—Manager —Income Tax Returns.

In action for fire damages due to defendants' negligence, testimony of plaintiff's son as to plaintiff's net earnings in the business were properly received over defendants' objection that it was not the best evidence and that plaintiff's income tax returns were better evidence, where the son had been in business with his father for 14 years and was managing it.

2. Damages—Loss of Profits—Evidence.

In tenant's action for fire damages due to defendants' negligence, where plaintiff's proofs as to damage to inventory of goods and machinery amounted to $3,210.85 and loss of profits while building was being repaired was $660, loss of profits, shown with reasonable certainty, was admissible in evidence:

3. Same—Torts—Loss of Profits—Evidence.

Generally, in an action purely of tort, where the amount of profits lost by the injury can be shown with reasonable certainty, they are not only admissible in evidence, but constitute, thus far, a safe measure of damages.

Appeal from Wayne; Maher (Thomas J.), J. Submitted June 17, 1948. (Docket No. 39, Calendar No. 43,878.) Decided September 8, 1948.

Case by Esahak Couyoumjian against John Brimage and others to recover damages by fire due to negligence of defendants. Verdict and judgment for plaintiff. Defendants appeal. Affirmed.

References for Points in Headnotes
[1] 15 Am. Jur., Damages, § 353.
[2, 3] 15 Am. Jur., Damages, § 153.

*Birnkrant, Birnkrant & Birnkrant (Benjamin W. Grant,* of counsel), for plaintiff.

*Arnold V. Zeleznik,* for defendants.

Boyles, J.  Plaintiff was a tenant in a store building owned by the defendants John and Sadie Brimage.  A fire occurred in the building which plaintiff claims was due to the negligence of the defendants which was the proximate cause of damages to the plaintiff's property and business.  Thereupon plaintiff brought the instant suit in the circuit court for Wayne county, resulting in a jury verdict of $1,500 for plaintiff.  From the judgment entered on the verdict, defendants John and Sadie Brimage appeal. It is conceded that the questions of negligence, proximate cause and contributory negligence were issues of fact properly submitted to the jury; and that only two questions are before this Court on which appellants rely for reversal.

1. Plaintiff's son Carl, who had been with his father in the business 14 years and was managing it, testified as to plaintiff's net earnings in the business, over the objection of counsel for defendants that it was not the best evidence—that the better evidence was plaintiff's income tax returns.  Appellants rely on *Moore* v. *DuBard,* 318 Mich. 578.  In that case the Court held (syllabus):

"In suit by one claiming to be defendant's partner, exhibits consisting of copy of income tax return which showed plaintiff reported his income as wages, salary or commissions was admissible as an admission against interest."

The question whether the copy of the income tax return was the best evidence was not in that case and the case has no bearing on the issue here involved.  As against the only objection made—that

the testimony was inadmissible because plaintiff's income tax return was the best evidence—the testimony was properly received.

2. The second question that the defendants urge for reversal is that the plaintiff should not have been allowed to recover damages for loss of profits during the period (3½ months) that the building was being repaired.

In the absence of special questions having been submitted to the jury, there is considerable doubt whether the jury made any allowance for loss of profits. Plaintiff's proofs were to the effect that the loss and damage to his inventory of goods and machinery amounted to $3,210.85; that his loss of profits during the period of repairing the building was $660, making a total of $3,870.85. The verdict was $1,500. The amounts shown as damages are not contested on the appeal and there is no claim that the verdict of $1,500 is excessive. Doubtless the appellants by this question intend to claim that the testimony as to loss of profits should not have been received.

This case sounds in tort. Plaintiff, as the tenant of the defendants, seeks damages based on a claimed duty of the defendants to use due care in preventing fire in the building, negligence of the defendants as the proximate cause of plaintiff's losses, and lack of any contributory negligence on the part of the plaintiff. In the early leading case of *Allison* v. *Chandler,* 11 Mich. 542, the Court held that the amount of profits lost by the injury, if shown with reasonable certainty, was admissible in evidence (syllabi):

"As a general thing, in an action purely of tort, where the amount of profits lost by the injury can be shown with reasonable certainty, they are not only admissible in evidence, but they constitute, thus far, a safe measure of damages.

"And where the plaintiff was engaged in the business of repairing watches, making gold pens and selling jewelry, on the premises which were rendered untenantable by the trespass, it was *held* that evidence of his past profits in that business at that place, though they could not be taken as the exact measure of future profits, were proper to be proved and taken into consideration by the jury, and allowed such weight as they, in the exercise of good sense and sound discretion, should think them entitled to."

To the same effect, as to admissibility of evidence of loss of profits as an element of damages, see *Rooks* v. *Booth,* 160 Mich. 62; *Ludwigsen* v. *Larsen,* 227 Mich. 528; *Rogers* v. *Youngs,* 252 Mich. 420; *Hetler* v. *Holtrop,* 285 Mich. 570; *Bittker* v. *Groves,* 291 Mich. 40; *Rich* v. *Daily Creamery Co.,* 303 Mich. 344; *Detroit Independent Sprinkler Co.* v. *Plywood Products Corp.,* 311 Mich. 226.

There is no merit in the questions urged here for reversal and the judgment is affirmed, with costs to appellee.

Bushnell, C. J., and Sharpe, Reid, North, Dethmers, Butzel, and Carr, JJ., concurred.