NEW HAMPSHIRE INSURANCE GROUP v LABOMBARD

Docket No. 85901. Submitted May 13, 1986, at Lansing. Decided October 8, 1986. Leave to appeal applied for.

New Hampshire Insurance Group, as subrogee of its insured Harold Higgerson, and Harold Higgerson, individually, filed an action in the Genesee Circuit Court against Rosemary Labombard seeking damages which they incurred as a result of a fire, allegedly caused by defendant's negligence, that damaged real property leased by defendant from plaintiff Higgerson. The trial court, Judith A. Fullerton, J., granted summary disposition in favor of defendant and dismissed plaintiffs' complaint, ruling that plaintiffs had failed to state a claim upon which relief could be granted. Plaintiffs appealed.

The Court of Appeals *held:*

1. In the absence of an express provision in the rental agreement concerning defendant's liability for fire damage to the premises resulting from her negligence, defendant owed no duty to plaintiffs which would support a negligence claim for such damages.

2. In view of a provision in the rental agreement by which defendant agreed that her rental obligation would continue if the premises were rendered only partially untenantable in the event of a fire and if repairs could be completed within forty days, a remand is necessary to determine defendant's liability, if any, under this provision.

Affirmed in part and remanded.

1. NEGLIGENCE — SUMMARY DISPOSITION — DUTY — COURT RULES.

Summary disposition may be granted in a negligence action if it is determined as a matter of law that the defendant owed no duty to the plaintiff (MCR 2.116[C][8]).

REFERENCES

Am Jur 2d, Insurance §§ 1794 *et seq.*

Am Jur 2d, Landlord and Tenant §§ 869 *et seq.*

Am Jur 2d, Negligence §§ 36 *et seq.*

See the annotations in the Index to Annotations under Insurance; Landlord and Tenant; Negligence.

2. SUBROGATION — INSURANCE.

An insurer, as subrogee of its insured, has no greater rights against a tortfeasor than its insured had.

3. LANDLORD AND TENANT — LEASES — LIABILITY FOR FIRE LOSS.

A tenant, absent an express and unequivocal agreement by the tenant to be liable in tort to the lessor or the lessor's fire insurer for negligently caused fire damage to the premises, owes no duty to the lessor or insurer which would support a negligence claim for such damages.

*Davidson, Breen & Doud, P.C.* (by *Peter J. Riebschleger*), for plaintiffs.

*Rubenstein, Pruchnicki, Chittle & Smith* (by *Thomas E. Chittle*), for defendant.

Before: D. F. WALSH, P.J., and SULLIVAN and N. A. BAGULEY,* JJ.

D. F. WALSH, P.J. Plaintiffs, New Hampshire Insurance Group, subrogee of Harold Higgerson, and Harold Higgerson, individually, appeal from an order of the circuit court granting summary disposition in favor of defendant, Rosemary Labombard. MCR 2.116(C)(8).

On March 12, 1983, plaintiff New Hampshire Insurance Group was the fire insurance carrier for a building being purchased by plaintiff Higgerson; defendant was a tenant in one of the building's four rental units. On that date, defendant's three-year-old daughter was playing with matches and started a fire which rendered defendant's apartment uninhabitable. Plaintiff Higgerson's damages totaled $20,808.40. Plaintiff New Hampshire Insurance Group paid Higgerson $20,558.40 and was subrogated to all claims of Higgerson against any person liable for the loss. The record suggests that the insurance proceeds included reimbursement

* Circuit judge, sitting on the Court of Appeals by assignment.

for rental income lost by Higgerson during the repair of defendant's apartment.

In their complaint, plaintiffs alleged defendant's negligence in allowing her daughter to play with matches. They requested damages in the total amount of Higgerson's loss.

Defendant filed a motion for summary disposition pursuant to MCL 2.116(C)(8). Relying on paragraphs 4 and 9 of the rental agreement,[1] defendant argued that the rental agreement absolved her of liability for fire damage to the rental premises. She also argued that, as a matter of law, a tenant is not liable for fire damage caused by his or her own negligence.

Citing *Van Wormer v Crane*, 51 Mich 363; 16 NW 686 (1883), and noting that any ambiguities in the lease are to be resolved against the draftor/landlord, the circuit court judge ruled that plaintiffs had failed to state a claim upon which relief could be granted. The court found that paragraph 4 of the rental agreement, which obligated defendant to return the premises in good condition, "reasonable wear and damage by the elements excepted," absolved defendant of liability for dam-

---

[1] In ¶ 4, defendant agreed:

To keep the premises, including the equipment appliances, and fixtures of every kind and nature during the term of this rental agreement in as good repair and at the expiration thereof, yield up same in like condition as when taken, reasonable wear and damage by the elements excepted.

¶ 9 provided:

If the premises become wholly untenantable through damage or destruction by fire not occasioned by negligence of the Tenant, this rental agreement shall be void; if partially untenantable, the Landlord shall repair the same with all convenient speed, and the obligation of the Tenant to pay the monthly rental fee shall continue in full force provided such repairs shall be completed within forty days.

age by fire, determined by the court to be one of "the elements." Summary disposition was granted to defendant and plaintiffs' complaint was dismissed.

A motion for summary disposition under MCR 2.116(C)(8) seeks to test the genuineness of a claim by challenging the legal adequacy of the pleadings. The test which a court applies in considering a motion under MCR 2.116(C)(8) is whether the plaintiffs' claim, as stated in the pleadings, is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recovery. *Abel v Eli Lilly & Co,* 418 Mich 311, 323; 343 NW2d 164 (1984), reh den 419 Mich 1201 (1984), cert den sub nom *Squibb & Sons, Inc v Abel,* 469 US 833; 105 S CT 123; 83 L Ed 2d 65 (1984). In addressing a motion under this provision, the trial court accepts as true all well-pleaded facts. *Id.,* p 324. In a negligence case, summary disposition is properly granted pursuant to MCR 2.116(C)(8) if it is determined as a matter of law that the defendant owed no duty to the plaintiff. *Fisher v Johnson Milk Co, Inc,* 383 Mich 158, 162; 174 NW2d 752 (1970); *American States Ins Co v Albin,* 118 Mich App 201, 206; 324 NW2d 574 (1982), lv den 417 Mich 955 (1983). In this case, plaintiff insurer, as subrogee of its insured, plaintiff Higgerson, has no greater rights against defendant than does its insured. *Northern Ins Co of New York v B Elliott, Ltd,* 117 Mich App 308, 324; 323 NW2d 683 (1982), lv den 417 Mich 968 (1983).

In *Van Wormer v Crane, supra,* the Supreme Court was asked to determine the scope of a tenant's covenant to return leasehold premises in good repair, "damages by the elements excepted." The leasehold premises in *Van Wormer* were destroyed by an accidental fire. The Court found that

the parties had intended that the covenant exception include "all damages resulting from fire, as much as those attributable to air and water, unless traceable to the agency of man." 51 Mich 366. The purpose of the exception was to absolve lessees of liability for damages from the elements, including fire which "happened without their fault." *Id.*

We disagree with the lower court's reliance on *Van Wormer.* In this case, plaintiffs claim damages for negligence. Under *Van Wormer,* only fire damage occurring without lessee fault or negligence comes within the "damage by the elements" exception. We nonetheless affirm in part the entry of summary disposition in favor of defendant.

In the rental agreement, defendant agreed to keep the premises in good repair and to return the premises in the same condition as when taken, "reasonable wear and damages by the elements excepted." She also agreed to observe all fire and other regulations imposed by any government authority, and all regulations and requirements of underwriters concerning the use and conditions of the premises so as to reduce fire hazards and insurance rates. In connection with this latter obligation, she agreed not to permit the accumulation of any waste material on the premises. The agreement provided that, if the premises became wholly untenantable through fire damage not due to defendant's negligence, the agreement would be void. If the premises were rendered only partially untenantable, the landlord agreed to do the necessary repairs "with all convenient speed"; defendant's rental obligation would continue if such repairs were completed within forty days. The landlord generally agreed to make any necessary repairs, and reserved the right to enter the apart-

ment to inspect, repair and maintain the premises and to show it to any insurance agent.

The rental agreement did not address the issue of defendant's liability for fire damage to the premises resulting from her negligence. Cf., *Nationwide Mutual Fire Ins Co v Detroit Edison Co,* 95 Mich App 62; 289 NW2d 879 (1980), lv den 409 Mich 854 (1980). In similar situations, courts of other jurisdictions have ruled that defendant tenants are entitled to summary judgment.

In *Safeco Ins Co v Capri,* 705 P2d 659 (Nev, 1985), the Nevada Supreme Court affirmed entry of summary judgment for the defendant lessee, rejecting the plaintiff fire insurer's subrogation claim for damages caused by the defendant's negligence. The lease provided that the lessee was to maintain the premises and surrender it in good condition, "damage by the elements" excepted. The lessor was expressly required to maintain fire insurance. The Court held that, absent an express lease provision establishing the tenant's liability for loss for negligently started fires, the tenant is, for the purpose of defeating an insurer's subrogation claim, an implied coinsured of the landlord. 705 P2d 660-661. The Court found that its holding comported most closely with the reasonable expectations of the lessor, lessee and insurer. Landlords commonly provide fire insurance on leased property and consider the premium in establishing the rental rate. Insurance companies expect to pay benefits for fires caused by their insured's negligence, and insurance premiums are adjusted accordingly. A negligent tenant, who is in privity with the insured and who has relied on the landlord to provide fire insurance protection for the realty, should be immune from suit, just as a negligent landlord could not be sued by the landlord's insurer. 705 P2d 661.

See also *Sutton v Jondahl,* 532 P2d 478, 482 (Okla App, 1975):

> The landlords of course could have held out for an agreement that the tenant would furnish fire insurance on the premises. But they did not. They elected to themselves purchase the coverage. To suggest the fire insurance does not extend to the insurable interest of an occupying tenant is to ignore the realities of urban apartment and single-family dwelling renting. Prospective tenants ordinarily rely upon the owner of the dwelling to provide fire protection for the realty (as distinguished from personal property) absent an express agreement otherwise. Certainly it would not likely occur to a reasonably prudent tenant that the premises were without fire insurance protection or if there was such protection it did not inure to his benefit and that he would need to take out another fire policy to protect himself from any loss during his occupancy. Perhaps this comes about because the companies themselves have accepted coverage of a tenant as a natural thing. Otherwise their insurance salesmen would have long ago made such need a matter of common knowledge by promoting the sale to tenants of a second fire insurance policy to cover the real estate.

Among the other cases where courts have found no lessee liability for negligently caused fire damage are *Parsons Manufacturing Corp, Inc v Superior Court,* 156 Cal App 3d 1151; 203 Cal Rptr 419 (1984); *Rizzuto v Morris,* 22 Wash App 951; 592 P2d 688 (1979); and *Rock Springs Realty, Inc v Ward,* 392 SW2d 270 (Mo, 1965).

Recognizing that the leases reviewed in the cited cases were not identical to that presented in the instant case, we are persuaded that the analysis contained in those cases is equally applicable here, and we affirm in part the summary dismissal of plaintiffs' complaint. There was no express agree-

ment by defendant to be liable to Higgerson for fire damage to the premises resulting from defendant's negligence. On the contrary, the rental agreement strongly suggests that such liability was not contemplated. The agreement clearly evidences the parties' mutual expectation that fire insurance would be obtained by the lessor.[2] References are made to defendant's obligation to observe fire regulations, to follow underwriters' requirements so as to reduce fire hazards and insurance rates, and to allow the lessor to show the property to insurance agents. The sole reference to fire damage is in paragraph 9, where it is declared that the agreement would be void if the premises were rendered wholly untenantable by fire not caused by defendant's negligence. In the event of partial fire damage, defendant's obligation to pay rent would continue if the lessor completed repairs within forty days. The clear implication is that defendant's obligation to pay rent would continue notwithstanding total destruction by fire, if the destruction resulted from her negligence. Nothing in the rental agreement suggests, however, that defendant agreed to be liable to the lessor, or his insurer, for the full amount of negligently caused fire damage.

We are persuaded that a tenant may reasonably expect that his or her rental payments will be used to cover the lessor's ordinary and necessary expenses, including fire insurance premiums. Tenants reasonably expect that, by effectively contrib-

---

[2] This Court has held that a lessor's express agreement to provide fire insurance for the benefit of both the lessor and lessee precludes the lessor's subrogee's suit against the lessee for negligently caused fire damage. *West American Ins Co v Pic Way Shoes of Central Michigan, Inc,* 110 Mich App 684; 313 NW2d 187 (1981). We are not persuaded, however, that lessee nonliability is conditioned on the lessor's express agreement to carry fire insurance. Such a narrow and technical holding would, in our view, thwart the reasonable expectations and assumptions of both lessee and lessor.

uting to the premium payments, they will occupy a position akin to the insured and will be free from tort liability for negligently caused fire damage to the premises. We hold that, absent an express and unequivocal agreement by a tenant to be liable to the lessor or the lessor's fire insurer in tort for negligently caused fire damage to the premises, the tenant has no duty to the lessor or insurer which would support a negligence claim for such damages.

Since there was no such agreement in this case, we affirm entry of summary judgment in favor of defendant to the extent plaintiffs seek recovery for damages to the leasehold premises resulting from defendant's negligence. We remand to the circuit court for a determination of defendant's liability, if any, for rental income lost by plaintiff Higgerson while the premises were being repaired. We do not retain jurisdiction.

Affirmed in part and remanded.