WAUSAU UNDERWRITERS INSURANCE COMPANY v CROOK

Docket No. 106852. Submitted November 15, 1989, at Detroit. Decided December 13, 1989.

Wausau Underwriters Insurance Company, the fire insurer and subrogee of a hotel which sustained damage in a fire, brought an action in Wayne Circuit Court against Claude Crook. Plaintiff alleged in part that defendant, while a guest at the hotel, had negligently caused the fire. The court, Roland L. Olzark, J., granted summary disposition in favor of defendant, ruling that plaintiff had failed to state a claim upon which relief can be granted. Plaintiff appealed.

The Court of Appeals *held:*

A hotel guest, absent his express and unequivocal agreement to be liable for fire damage to the hotel premises caused by his negligence, may not be held liable to the hotel or its fire insurer for any such negligently caused fire damage.

Affirmed.

NEGLIGENCE — HOTEL GUESTS — LIABILITY FOR FIRE LOSS.

A hotel guest, absent his express and unequivocal agreement to be liable for fire damage to the hotel premises caused by his negligence, may not be held liable to the hotel or its fire insurer for any such negligently caused fire damage.

*Brent A. Bremer,* for plaintiff.

*Conklin, Loesch & Caravas* (by *Gary W. Caravas*), for defendant.

Before: SULLIVAN, P.J., and DOCTOROFF and REILLY, JJ.

PER CURIAM. Plaintiff appeals as of right from the trial court's grant of summary disposition to

REFERENCES

Am Jur 2d, Hotels, Motels, and Restaurants §§ 56, 76, 115.
See the Index to Annotations under Arson; Hotels and Motels.

defendant. The trial court concluded, as a matter of law, that defendant was not liable to plaintiff's subrogor for damages arising from a fire caused by defendant's negligence. We affirm.

Plaintiff is the insurer of a Quality Inn hotel located in Detroit. In September of 1983, a fire at the hotel damaged a suite of rooms then occupied by defendant and his family. This fire was determined to be incendiary in nature. At the time, defendant and his family were residing at the hotel because their residential home had been damaged by a similar fire. Although defendant was charged with arson in connection with this latter fire, he was subsequently found not guilty by reason of insanity.

Plaintiff filed the instant complaint, as Quality Inn's subrogee, in September of 1987. Plaintiff alleged that defendant had either negligently or intentionally caused the fire which damaged the suite of rooms. On defendant's motion, the trial court granted summary disposition as to both claims. Plaintiff does not contest the dismissal of the count outlining the intentional claim.

On appeal, plaintiff contends that the trial court erred in granting summary disposition to defendant, under MCR 2.116(C)(8), on the negligence claim. We disagree.

> A motion for summary disposition for failure to state a claim upon which relief can be granted, MCR 2.116(C)(8), is tested by the pleadings alone. . . . Only the legal basis of the complaint is examined. . . . The factual allegations of the complaint are accepted as true, along with any inferences which may fairly be drawn therefrom. . . . Unless the claim is so clearly unenforceable as a matter of law that no factual development could possibly justify recovery, the motion should be denied. [*Mills v White Castle System, Inc,* 167 Mich App 202, 205; 421 NW2d 631 (1988). Citations omitted.]

In *New Hampshire Ins Group v Labombard,* 155 Mich App 369, 377; 399 NW2d 527 (1986), lv den 428 Mich 911 (1987), another panel of this Court held that tenants are not liable to their lessor, or the lessor's insurer, for negligently caused fire damage, absent an express and unequivocal agreement to the contrary. An important consideration in *Labombard* was that the tenant could "reasonably expect that his or her rental payments will be used to cover the lessor's ordinary and necessary expenses, including fire insurance premiums." *Id.* at 376; see also *Stefani v Capital Tire, Inc,* 169 Mich App 32, 35-37; 425 NW2d 500 (1988). This consideration is equally important in the instant case. Regardless of whether defendant is described as a tenant or a guest, it is undisputed that defendant or his wife paid plaintiff's subrogor for lodging. The defendant might reasonably expect that the payment would be used to cover the innkeeper's expenses of maintaining the facilities, including fire insurance, as there was no "express and unequivocal" agreement to the contrary. Such insurance would cover the losses sustained through negligence, even though the negligent act causing the fire might be subject to criminal penalty under MCL 750.496; MSA 28.764(1). We adopt the reasoning in *Labombard* and conclude that even if defendant was negligent he was in privity with the insured innkeeper and was, therefore, immune from suit for fire damages caused by his negligent act.

Affirmed.