ANTOON v COMMUNITY EMERGENCY MEDICAL SERVICE, INC

Docket No. 119538. Submitted December 6, 1990, at Detroit. Decided August 6, 1991, at 9:25 A.M. Leave to appeal sought.

Isam G. Antoon, Statewide Auto Sales, Inc., and the remainder of Statewide's shareholders brought a negligence action in the Wayne Circuit Court against Community Emergency Medical Service, Inc., seeking damages for uninsured losses sustained in a fire in a building occupied in separate portions by Statewide and the defendant, which had leased its portion under an agreement with Antoon. The court, Cynthia D. Stephens, J., granted summary disposition for the defendant, ruling that the plaintiffs were precluded from any tort remedies because of the contractual relationship established by the lease agreement and that contractual remedies were also unavailable because the agreement made no provision for who was to obtain fire insurance and how risk of fire was to be allocated. The plaintiffs appealed.

The Court of Appeals *held:*

1. The trial court erred in determining that tort remedies were unavailable to the plaintiffs. The defendant was subject to a common-law duty to use due care to avoid causing a fire in the building.

2. A lessee is not liable for fire damage to the leased premises resulting from the lessee's negligence absent an express provision in the lease agreement providing for such liability. Where a lease agreement is silent regarding the duty of obtaining fire insurance, the lessee may reasonably expect that the rental payments will be applied to cover the lessor's ordinary and necessary expenses, including fire insurance. However, a lessee cannot reasonably expect that the rental payments will be used to insure against damage to items other than the leased premises. Thus, on remand, the plaintiffs may recover for damage to personalty and for lost profits from their auto sales business if they can show that those damages were the legal and natural

REFERENCES

Am Jur 2d, Landlord and Tenant §§ 804, 934, 935.

Liability of tenant for damage to the leased property due to his acts or neglect. 10 ALR2d 1012.

consequence of the defendant's alleged negligence. The amount of damages must be proven with reasonable certainty, although not with mathematical precision.

Reversed and remanded.

1. LANDLORD AND TENANT — FIRE LOSS — NEGLIGENCE BY LESSEE.

A lessee is subject to a common-law duty to use due care to avoid causing fire damage to leased premises.

2. LANDLORD AND TENANT — FIRE LOSS — NEGLIGENCE BY LESSEE.

A lessee is not liable for fire damage to leased premises that results from its negligence absent an express provision in the lease agreement providing for such liability, but the lessee may be liable for damages for the destruction of personal property and loss of profits where such damages are the legal and natural consequences of its negligence.

*Edward M. Miller,* for the plaintiffs.

*Garan, Lucow, Miller, Seward, Cooper & Becker, P.C.* (by *Michael Lask* and *Albert A. Miller*), for the defendant.

Before: HOLBROOK, JR., P.J., and WAHLS and T. G. KAVANAGH,* JJ.

PER CURIAM. Plaintiffs appeal as of right from an order of the Wayne Circuit Court granting summary disposition to defendant and dismissing their claim for uninsured losses resulting from a fire allegedly caused by defendant's negligence. We reverse and remand.

Defendant, an ambulance service that needed a place to perform repair and maintenance work on its vehicles, entered into a lease agreement with plaintiff Isam Antoon to occupy the "back shop area" of a building owned by the individual plaintiffs. The front portion of the building was occupied by plaintiff Statewide Auto Sales, Inc., a corporation wholly owned by the individual plain-

* Former Supreme Court justice, sitting on the Court of Appeals by assignment.

tiffs. The lease agreement specified defendant's obligation to pay rent and utilities, but was silent with respect to who was to obtain fire insurance and how risk of fire was to be allocated.

Several months after defendant took possession, a fire broke out in the shop area when the pilot light of a nearby water heater ignited fumes of gasoline that was being siphoned out of an ambulance. The fire spread throughout the entire building, causing extensive damage to both real and personal property. Fortunately, plaintiffs had secured fire insurance on the premises and were compensated for that damage. However, the insurance did not cover such things as damage to personal property, and lost nonrental profits incurred while the building was being repaired. Hence, plaintiffs filed the instant action, alleging negligence on the part of defendant in causing the fire (which defendant has conceded for purposes of this appeal) and seeking to recover their uninsured losses.

Defendant thereafter filed a motion for summary disposition, claiming, among other things, that it was not responsible for plaintiffs' uninsured losses because the lease agreement did not expressly and unequivocally provide that it would be liable for fire damage caused by its negligence. The trial court agreed with defendant, ruling: "This is a situation in which the relationship of the parties is defined by contract and which this court would find that the tort remedies relative to negligence would not be available." Thus, the court granted the motion and ultimately dismissed plaintiffs' complaint.

In this appeal, we must first decide whether the trial court erred in holding that a tort action was unavailable to plaintiffs. We believe that it did.

Actionable negligence presupposes the existence

of a legal relationship between the parties by which the injured party is owed a duty of care by the other. *Clark v Dalman,* 379 Mich 251, 260; 150 NW2d 755 (1967). The legal relationship underlying such a duty may arise by contract. That is, the contract creates the state of things that furnishes the occasion of the tort. *Id.,* 261. However, there must be some active negligence or misfeasance that is distinct from the breach of duty owed under the contract. *Hart v Ludwig,* 347 Mich 559, 563; 79 NW2d 895 (1956). See also 74 Am Jur 2d, Torts, § 23, pp 639-641. If a relationship exists that would give rise to a legal duty without enforcing the contractual promise itself, a tort action will lie; otherwise, it will not. *Hart, supra,* 565 (relying on Prosser, Torts [1st ed], § 33, p 205). See also *Freeman-Darling, Inc v Andries-Storen-Reynaert Multi Group, Inc,* 147 Mich App 282; 382 NW2d 769 (1985).

In the instant case, the trial court erroneously ruled that the legal duty owed by defendant to plaintiffs arose solely out of the contractual relationship. The contract, being silent regarding the issues of obtaining fire insurance and allocation of fire risk, was not all-inclusive of the parties' duties thereunder. Instead, the contractual relationship merely brought the parties together and furnished the occasion of the tort. Defendant owed a duty to plaintiffs under common law to use due care in not causing a fire in the building. See *Couyoumjian v Brimage,* 322 Mich 191, 193; 33 NW2d 755 (1948); *Hale v Cole,* 241 Mich 624; 217 NW 898 (1928). See generally 49 Am Jur 2d, Landlord and Tenant, § 934, pp 910-911; anno: *Liability of tenant for damage to the leased property due to his acts or neglect,* 10 ALR2d 1012, 1023. Because a duty existed under common law, the trial court erred in granting summary disposition to defendant on the

ground that a tort action was unavailable to plaintiffs. Cf. *Freeman-Darling, Inc, supra,* 288.

Given the nature of the trial court's ruling, it did not decide the scope of defendant's potential liability to plaintiffs. We will briefly discuss that issue to guide the court on remand.

In a tort action, the tortfeasor generally is liable for all injuries resulting directly from his wrongful act, whether foreseeable or not, provided that the damages are the legal and natural consequences of the wrongful act and are such as, according to common experience in the usual course of events, reasonably might have been anticipated. *Sutter v Biggs,* 377 Mich 80, 86; 139 NW2d 684 (1966); *Wendt v Auto-Owners Ins Co,* 156 Mich App 19, 25; 401 NW2d 375 (1986). Damages for destruction of personal property and loss of profits have been recognized as being the legal and natural consequences of a party's negligence in causing a fire. See *Strzelecki v Blaser's Lakeside Industries of Rice Lake, Inc,* 133 Mich App 191, 194; 348 NW2d 311 (1984) (personal property); *Couyoumjian, supra,* 193 (lost profits). A tortfeasor is excused from liability only for damages that are remote, contingent, or speculative. *Sutter, supra.*

The general rule of tortfeasor liability is not without its limits, however. In a lease situation, a lessee is not liable for fire damage to the premises resulting from the lessee's negligence absent an express provision in the lease agreement providing for such liability. *New Hampshire Ins Group v Labombard,* 155 Mich App 369, 377; 399 NW2d 527 (1986). This is because when the lease agreement is silent regarding the duty of obtaining fire insurance, the lessee may reasonably expect that the rental payments will be used to cover the lessor's ordinary and necessary expenses, including fire insurance premiums. *Id.,* 376.

The holding in *Labombard* was limited to damage resulting to the real property that was the subject of the lease. It did not apply to injuries to other types of property, as evidenced by the fact that the matter was remanded for a determination of the defendant's liability for lost rental income suffered by the plaintiff. *Id.,* 377. We decline to extend the *Labombard* holding to preclude a lessee's liability for all damages occasioned by the lessee's negligence.[1] A lessee cannot reasonably expect that the rental payments will be used to insure against damage to items other than the leased premises. But see *Wausau Underwriters Ins Co v Crook,* 183 Mich App 462, 464; 455 NW2d 309 (1989) (hotel guest held not liable for negligent fire damage to other suites, not just the room being rented).

On remand, plaintiffs are entitled to damages for damage to personalty and for lost profits of the used auto sales business if it can be shown that the damages were the legal and natural consequence of defendant's negligence. Furthermore, the amount of damages must be proven with reasonable certainty, although not with mathematical precision. *Couyoumjian, supra; Strzelecki, supra.*

Reversed and remanded for further proceedings.

---

[1] Although plaintiffs originally asserted a claim for lost rentals of the back shop area, we need not decide whether this constitutes damage to the leased premises, and thus recoverable by plaintiffs under the *Labombard* holding, because the parties stipulated below to a dismissal of that claim with prejudice.