Cratsley, J.
Introduction
This is a subrogation action in which the plaintiff, Greater New York Mutual Insurance Company (“GNY”), seeks to recover damages from the defendants for money that GNY paid to its insured, the plaintiff, Stanton Realty Trust (“Stanton”). The defendants now *364 move for summary judgment, and the plaintiffs are cross-moving for partial summary judgment.
Facts
The claim at issue arose from a fire that occurred February 18, 1994 in residential apartment building owned by Stanton, and located at 1127 Commonwealth Avenue in Allston, Massachusetts. At the time of the fire, the defendants Cynthia Silva (“Silva”) and Sheryl Stevoff (“Stevoff j were tenants. The defendants Ronald Silva and Nick Stevoff are their fathers and co-signers of the lease and addendum.[2] GNY was the insurer of the building who became subrogated to Stanton’s rights upon payment to Stanton for property damage to the building. The landlord paid the fire insurance premiums out of the rental income he received from the tenants.
On the evening of the fire, Silva arrived at the apartment at approximately 9:00 pm, where her roommate, Stevoff, and several friends were visiting. At least four of the individuals present were smoking cigarettes, seated in the living room. An ashtray was being used to hold and dispose of the cigarettes. Around midnight, Silva went to bed. All but one of the visitors left, and that person remained in the living room. Stevoff sat with him, talking and smoking until approximately 2:00 am, when they retired to bed. The fire occurred around 5:00 am.
Twenty to twenty-five of the apartment units in the building sustained damage. GNY has paid Stanton $201,271.93 for the damages in accordance with Stanton’s insurance policy. GNY now seeks to subrogate the amount it paid against the tenants (the defendants), claiming that they negligently started the fire. GNY bases its claim against the defendants on an indemnification clause in the lease. The relevant portion of this clause reads as follows:
16. Loss or Damage
The lessee agrees to indemnify and save the Lessor harmless from all liability, loss or damage arising from any nuisance made or suffered on the leased premises by the lessee, his family, friends, relatives, invitees, visitors, agents, or servants from any carelessness, neglect or improper conduct of any such persons.
Other pertinent passages include the following:
14. Insurance
Lessee understands and agrees that it shall be Lessee’s own obligation to insure his personal property.
14A. Insurance
Lessee’s are encouraged to buy apartment insurance. Lessor will not be responsible for losses in Lessee’s premises.
Discussion
This court grants summary judgment where there are no genuine issues of material fact and where the summary judgment record entitles the moving party to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the summary judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A party moving for summary judgment who does not bear the burden of proof at trial must demonstrate the absence óf a triable issue either by submitting affirmative evidence negating an essential element of the nonmoving party’s case or by showing that the nonmoving party is unlikely to submit proof of that element at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). “The nonmoving party cannot defeat the motion for summary judgment by resting on its pleadings and move assertions of disputed facts . . .” LaLonde v. Eisner, 405 Mass. 207, 209 (1989).
The issue in this case is whether the tenant is co-insured with the landlord, or the tenant has independent liability. The interpretation of a written contract or lease is a question of law, not fact. The Lexington Insurance Company v. All Regions Chemical Labs, Inc., et al, 419 Mass. 712 (1995).
The plaintiffs argue that under Section 16 of the lease the lessee is liable to the lessor for the indemnification for losses caused by the “carelessness, neglect or improper conduct of the lessee, his family, friends, relatives, invitee, visitors, agents, or servants.” As the fire was caused by the negligence of the lessees or their guests, assert the plaintiffs, the lessees are liable under the lease to the lessor for damages.
The defendants maintain that this issue is controlled by the Lexington case, supra. In Lexington, the Supreme Judicial Court held that an insurer, as subrogee of a lessor, could not recover for fire loss allegedly caused by negligence of lessees who had a yield-up clause in their leases shielding them from contract liability to lessor for fire loss or damage caused by negligence. Id. In the present case, however, there is no yield-up clause in the lease. The defendants are not arguing a word for word similarity between their lease and the Lexington lease but seek to apply the reasoning of Lexington to their situation.
In Lexington, the high court stated “[i]f D&R [the lessor] intended to exclude from its lease with the tenants fires negligently caused, it could have inserted such a limitation. It did not do so.” Id. at 714. To further clarify, the court cited New Hampshire Insurance Group v. Lombard, which held that in the absence of an express and unequivocal agreement by a tenant to be liable to a lessor or the lessor’s fire insurer for negligently caused fire damage the tenant has no duty to the lessor or insurer to support a negligence claim *365 for damages. 155 Mich. App. 369, 399 N.W.2d 527 (1986). Applying this logic to the present case, because there is no clear statement by the lessor that the lessee is liable for negligently caused fire damage, the more ambiguous language of Clause 16 (“Loss and Damage”) does not create liabiliiy in the tenant.
Further, the clauses in the lease referring to insurance generally (14 and 14A) blur the issue of tenant liability for fire damage. The implication of these clauses is that the tenant is only responsible for insuring their personal property (i.e. through renter’s insurance). Also, the language in 14A (“Lessor will not be responsible for losses in Lessee’s premises”) suggests that the lessor is responsible for losses not “in” the lessee’s premises, i.e. everything except the personal property of the lessee. In examining the lease as a whole, the inclusion of clauses 14 and 14A, coupled with the ambiguous language of Section 16, do not establish an “express and unequivocal agreement” by the lessee to be liable to the lessor for fire damage to the structure of the apartment building. Absent clear language to the contrary, this Court holds as a matter of law that lease terms do not provide for liability of the lessee to the lessor for fire damage.
Further, courts in other jurisdictions have reached similar conclusions. In the previously discussed Michigan Appeals Court case of New Hampshire Insurance Group v. Lombard, the court stated that “[a] tenant may reasonably expect that his or her rental payments will be used to cover the lessor’s ordinary and necessary expenses, including fire insurance premiums. Tenants reasonably expect that, by effectively contributing to the premium payments, they will occupy a position akin to the insured and will be free from tort liability for negligently caused fire damages to the premises.” Id. at 531. Indeed, in the present case, it is not disputed that the landlord used the rent monies received from tenants to pay the fire insurance premiums. At no point did the landlord state or suggest to the tenants that they were not covered by his fire insurance. Other courts in various jurisdictions have held accordingly. See e.g. Safeco Ins. Co. v. Capri, 101 Nev. 429, 705 P.2d 659 (1985) (Nevada Supreme Court held that, absent an express lease provision establishing the tenant’s liability for loss for negligently started fires, the tenant is, for the purpose of defeating an insurer’s subrogation claim, an implied co-insured of the landlord.); Sutton v. Jondahl, 532 P.2d 478, 482 (Okla.App. 1975) (‘To suggest the fire insurance [of the lessor] does not extend to the insurable interest of an occupying tenant is to ignore the realities of urban apartment and single-family dwelling renting”); Tate v. Trialco Scrap, Inc. and CDM, 745 F.Supp. 458 (M.D. Tenn. 1989); Alaska Insurance Co. v. RCA Alaska Communications Inc., Alaska, 623 P.2d 1216 (1981); Rock Springs Realty, Inc. v. Waid, 392 S.W.2d 270 (1965); Cascade Trailer Court v. Beeson, 749 P.2d 761 (Wash. App. 1988).
In this case GNY, the insurer for Stanton, can not as a matter of law subrogate against its insured’s residential tenants for a negligently caused fire. The lease does not explicitly establish such liability on the part of the tenants to the landlord. Therefore, the lessees are co-insureds with the lessor.
Order
For the foregoing reasons, this Court ORDERS that the plaintiffs motion for partial summary judgment is DENIED, and the defendants’ cross-motions for summary judgment are ALLOWED.

 It was the landlord’s practice to have parents co-sign the lease for student tenants with no income.