# STATE OF MICHIGAN

# COURT OF APPEALS

STEVEN ATHERTON,

        Plaintiff-Appellant,

v

LINCOLN NATIONAL LIFE INSURANCE
COMPANY,

        Defendant-Appellee.

UNPUBLISHED
October 17, 2017

No. 332952
Wayne Circuit Court
LC No. 15-005068-CZ

Before: GLEICHER, P.J., and FORT HOOD and SWARTZLE, JJ.

PER CURIAM.

Plaintiff appeals as of right from an order of the trial court granting defendant's motion for summary disposition, denying plaintiff's cross-motion for summary disposition, and dismissing the case with prejudice. We affirm.

## I. BACKGROUND

Plaintiff faulted defendant for disbursing excess funds from an annuity account to his ex-wife without first calculating the value of the account since the date of marriage, and giving her half of that value, as contemplated by the consent judgment of divorce. Pursuant to the consent judgment, plaintiff's ex-wife was awarded "50% of the marital share of" plaintiff's annuity, i.e., "50% of the value from the date of marriage (or the nearest date thereto) to May 28, 2014, plus or minus gains or losses from May 28, 2014 to the date of segregation or disbursement." The consent judgment did not specify the date of marriage. Defendant was faxed a copy of the consent judgment by his ex-wife's divorce attorney. Defendant subsequently mailed plaintiff a letter acknowledging receipt of the consent judgment and its directions "to award Ms. Atherton 50% of the value in the [annuity] contract as of May 28, 2014, plus and/or minus any gains and/or losses from May 28, 2014, until the date of the contract segregation." Defendant provided plaintiff with an authorization form that read:

> I, Steven L. Atherton, hereby authorize and direct Lincoln to award 50% of the value of my annuity contract FQ7124935 as of May 28, 2014, plus and/or minus any gains and/or losses from May 28, 2014, until the date of the contract segregation. Transfer this amount to Dorothy Atherton as per her payout instructions. This is pursuant to the terms of the Consent Judgment of Divorce.

-1-

Plaintiff signed the authorization, and defendant subsequently mailed plaintiff a letter confirming a distribution of $49,474.39 to plaintiff's ex-wife, which "represented 50% of the value of the above contract as of May 28, 2014, plus and/or minus any gains and/or losses from May 28, 2014, until the date of the contract segregation."

Plaintiff first sought relief from his ex-wife. On plaintiff's motion, the trial court ordered plaintiff's ex-wife to return to plaintiff $32,434.00 in overpaid retirement funds. Because plaintiff's ex-wife was only able to access $6,000 of the overpaid funds at that time, the trial court ordered plaintiff's ex-wife to pay $6,000 immediately and awarded plaintiff a judgment against her for $26,434, the remaining overpayment balance.

Plaintiff then sought additional relief against defendant in the form of a two-count complaint in which plaintiff claimed that defendant was negligent and breached the annuity contract when defendant disbursed excess funds to plaintiff's ex-wife without verifying the date of marriage. Both parties moved for summary disposition under MCR 2.116(C)(10). The trial court granted summary disposition in defendant's favor, reasoning that plaintiff should have responded to defendant's letter acknowledging receipt of the consent judgment of divorce by specifying the correct time frame for calculating the disbursement, i.e., the date of marriage. The trial court determined that his failure to do so defeated his negligence and breach-of-contract claims. In its order denying plaintiff's motion for reconsideration, the trial court concluded that plaintiff was "estopped from arguing that Defendant's conduct was negligent" because plaintiff agreed to the disbursement.

## II. ANALYSIS

We review a trial court's grant of summary disposition de novo. *Spiek v Dep't of Transp*, 456 Mich 331, 337; 572 NW2d 201 (1998). "MCR 2.116(C)(10) tests the factual support of a plaintiff's claim." *Id*. at 337. Summary disposition is appropriate under MCR 2.116(C)(10) if "there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." The trial "court considers the affidavits, pleadings, depositions, admissions, and other documentary evidence submitted or filed in the action to determine whether a genuine issue of any material fact exists to warrant a trial." *Spiek*, 456 Mich at 337.

*Negligence.* "Actionable negligence presupposes the existences of a legal relationship between the parties" creating a duty of care. *Antoon v Community Emergency Med Serv, Inc*, 190 Mich App 592, 594-595; 476 NW2d 479 (1991). A duty may arise from a contractual relationship, but the breach of a duty giving rise to the negligence action must be "distinct from the breach of duty owed under the contract." *Id*. at 595. "If a relationship exists that would give rise to a legal duty without enforcing the contractual promise itself, a tort action will lie; otherwise, it will not." *Id*.

Plaintiff argues that defendant did not follow the terms of the consent judgment of divorce. Defendant, however, was not a party to the consent judgment. Rather, the relationship between plaintiff and defendant arose from the annuity contract. Plaintiff identifies no duty apart from the duties in the annuity contract, so plaintiff has not brought a proper negligence claim.

To the extent that the annuity contract's requirement that a notice, election, or request be in the form of a signed writing carries an implicit duty that defendant will follow that signed writing, defendant did so by disbursing the funds as described in the signed authorization. Defendant may have provided the written authorization to plaintiff for his signature, but plaintiff was not required to sign it in that form if plaintiff disagreed with its description. See *Casey v Auto-Owners Ins Co*, 273 Mich App 388, 397; 729 NW2d 277 (2006). Plaintiff could have either reproduced a writing that reflected the correct description of the disbursement or contacted defendant for a revision of the written instruction. Nonetheless, once plaintiff signed and returned the authorization as defendant drafted it, he bound himself to its terms. Therefore, the trial court did not err by granting defendant's motion for summary disposition on plaintiff's negligence claim.

*Breach of Contract.* Plaintiff argues that defendant breached its contract with plaintiff by ignoring the provision in the consent judgment of divorce limiting the shared value of the annuity to the date of marriage. To establish a breach of contract, plaintiff must show "that (1) there was a contract, (2) the other party breached the contract, and (3) the breach resulted in damages to the party claiming breach." *Bank of America, NA v First American Title Ins Co*, 499 Mich 74, 100; 878 NW2d 816 (2016). In this case, the parties dispute the second element.

Plaintiff correctly notes that the authorization referred to the consent judgment of divorce, which gave his ex-wife half of the annuity "from the date of the marriage." The consent judgment, however, does not identify the date of marriage, nor does the fax sent to defendant from plaintiff's ex-wife's attorney. Plaintiff has not identified any other documentation that would have been in defendant's possession that specified the date of the marriage, and the record contains no indication that plaintiff provided defendant with the date of marriage before signing the authorization.

The signed authorization met the annuity contract's requirement that a request be made in writing. Accordingly, defendant performed its obligations consistent with the annuity agreement, and the trial court properly granted summary disposition to defendant on plaintiff's breach-of-contract claim.

Affirmed.

/s/ Elizabeth L. Gleicher
/s/ Karen M. Fort Hood
/s/ Brock A. Swartzle

-3-