STONE v. POSEN.

1. EVIDENCE—HEARSAY—PERMISSION OF OPPOSITE PARTY.
   Hearsay testimony may be admitted in evidence by permission of the opposing party and be considered as having probative value.

2. APPEAL AND ERROR—RECORD—HEARSAY TESTIMONY—OBJECTION— DISCUSSION—RULING.
   Under record failing to disclose objection to admission of hearsay testimony when introduced, any discussion with reference to it, or ruling thereon, supposed error in connection with its reception held, without merit.

3. LANDLORD AND TENANT—FINDINGS OF COURT—USE OF LEASED PREMISES—PRINCIPAL AND AGENT.
   Finding of trial judge in landlord's action against tenants for damages to building by reason of fire, alleged to have been caused through defendants' failure to observe governmental regulations and because their use of it contrary to lease provisions increased the fire hazard, that lease did not permit manufacturing mattresses, as claimed by tenants, and that person who carried on negotiations for lease was tenants' agent held, not error.

Evidence of agent's authority may be shown by agent's conversation with landlord followed by landlord receiving signed lease from tenant principal in mail, see 2 Restatement, Agency, § 284 (c), illustration 2.

4. Negligence—Proximate Cause—Verdicts and Findings—Evidence—Fire.

> In landlord's action against tenants for damages because of fire, findings of trial court that defendants were negligent in filling one side of garage with highly inflammable material and then using other side for renovating and manufacturing mattresses, and placing an oil stove in the center of such a situation was negligent and that fire was due to such negligence *held,* amply supported by testimony.

5. Buildings—Multiple Dwellings—Garages—Storage of Combustible Materials.

> A garage building on same lot as that on which a multiple dwelling is situated may not be used for the purpose of renovating and manufacturing mattresses where cotton and other combustible materials were stored, since such use is in violation of the State housing code (1 Comp. Laws 1929, § 2568, as amended by Act No. 303, Pub. Acts 1939).

6. Pleading—Amendment—Discretion of Court—Statutes—Ordinances.

> There was no abuse of discretion in allowing plaintiff landlord to amend declaration in action against tenant for damages to garage building by fire in order to plead violation of State statute and city ordinance, where defendant was allowed further time to prepare additional defense (1 Comp. Laws 1929, § 2568, as amended by Act No. 303, Pub. Acts 1939; Highland Park Ordinance No. 354).

7. Damages—Landlord and Tenant—Evidence—Increased Judgment.

> In landlord's action against tenants whose negligence caused damage to garage building, where building contractor's bill for repairs was $1,000 and his testimony that the total damage was $1,200 is undisputed, where it is shown the new roof was not as good as former one and injury to walls by fire was not made good, trial judge's award of $1,000 is reversed and judgment of $1,200 ordered entered.

Appeal from Wayne; Webster (Clyde I.), J. Submitted January 3, 1945. (Docket No. 29, Calendar No. 42,795.) Decided February 20, 1945.

Case by Myrtie B. Stone against Al Posen and Jule Kraft, doing business as Famous Upholstering

and Furniture Company, for damages caused by destruction of building by fire. Judgment for plaintiff. Defendant appeals. Plaintiff cross-appeals. Reversed and remanded for entry of judgment for plaintiff in an increased amount.

*Lewis & Watkins* (*Frederick W. Seitz*, of counsel), for plaintiff.

*Nathan I. Goldin* (*Meyer Weisenfeld*, of counsel), for defendants.

REID, J. This is an action brought by the owner of a garage building against her tenants because of damage to the building by fire. Trial was had by the circuit judge without a jury. Plaintiff had judgment for damages to the real estate for $1,000. The item for loss of rental was disallowed. Defendants appeal. Plaintiff takes a cross-appeal and claims the full amount claimed in the court below, $1,200. Plaintiff claims the fire was caused by failure to keep the premises in accordance with the following article in the lease:

"3. To keep the premises in accordance with all police, sanitary and other regulations imposed by any government authority."

Plaintiff further claims the lease of the premises was for specific purposes and that the premises were "to be used and occupied only for storage of trucks, mattress and renovating purposes," and that defendants against the provisions of the lease manufactured ·mattresses in the premises, thereby increasing the fire hazard, and further claims that the defendants negligently caused cotton in sacks and in litter and piles to accumulate in and about the rented premises without having the same securely

enclosed so as to protect them from flying sparks of fire, that defendants caused a defective and leaky oil stove to be used from which fire escaped to such materials, and further that the defendants on the day of the fire, March 4, 1941, used and operated the oil stove carelessly and negligently in such a manner that fire escaped therefrom, spread to the contents of the garage, and caused the fire complained of. Plaintiff also claims that defendants' lack of care of the premises violated the housing law of the State of Michigan, 1 Comp. Laws 1929, § 2568, as amended by Act No. 303, Pub. Acts. 1939 (Comp. Laws Supp. 1940, § 2568, Stat. Ann. 1944 Cum. Supp. § 5.2852), which act was pleaded.

The ordinance of the city of Highland Park was counted on, offered and received in evidence. Section 10 of the ordinance * reads as follows:

"No person shall have, put or keep any hay, cotton, wood shavings or hemp, in stack or pile without having the same securely enclosed so as to protect them from flying sparks of fire, and no person shall have or place in any stove, grate or furnace, or use in lighting or kindling fires in any private house, store, hotel, shop or other building, any gasoline, benzine, naphtha or other highly explosive or inflammable substance."

Defendants deny claimed negligence, and assert that the lease contained the word, "manufacturing," which the court found to be not contained in the lease, and deny that they failed to keep the premises in accordance with the requirements of the lease.

Defendants allege error in admitting testimony of the fire marshal with reference to what two colored boys told him shortly after the fire as to how it occurred. No objection was made at the time this testimony was given. Though clearly hearsay, the

---

* See Highland Park Ordinance No. 354.—REPORTER.

two colored boys not having been on the witness stand, it was still defendants' privilege so far as concerns their side of the case to permit this testimony to go in as though of probative value. The testimony occurs in the record in narrative form with nothing to indicate that the hearsay testimony was given as a response to a question or whether it might even have been volunteered by the witness who was testifying. There is no discussion in the record in connection with it, and no ruling. The court in his opinion ruled this testimony not admissible. The supposed error is stated in the brief of appellant as a question involved. This objection is certainly without merit.

Objection was made to testimony as to statements of Mr. Hatt prior to the execution of the lease. It appears that Mr. Hatt was the party who negotiated with plaintiff for the lease and was an employee of the defendants, who claim he was not acting within the scope of his authority in so negotiating the lease. However, it clearly appears that the two defendants, Posen and Kraft, signed a lease with plaintiff after these negotiations on the part of Mr. Hatt. Plaintiff had no other contact with the two defendants. She had conversation with Mr. Hatt by telephone and at the place of business of the defendants was shown by him the machinery proposed to be put in her building, and after her return to Hillsdale received by mail copies of proposed lease bearing the signatures of defendants. The correspondence with plaintiff consisted of letters signed, "R. E. Hatt, Famous Furniture & Upholstering Company," and are on the letterhead of that company, the letters being dated July 24, 1940, October 11, 1940, and October 26, 1940. The term of the lease began on December 1, 1940. Defendants offer no testimony

denying the agency of Mr. Hatt. One of the defendants was on the stand as a witness, but was asked no question on the subject of the agency of Mr. Hatt. The admitted genuineness of the signatures of each of defendants to the lease which plaintiff received through the mail, negotiated by no other person than Mr. Hatt, would import some color of authority and is to be considered as some evidence tending to show agency. Plaintiff testified that she made certain corrections authorized by Mr. Hatt in the leases sent her and that she sent back to defendants the copy, Exhibit 8, in the same form as Exhibit 1, and without the word, "manufacturing," which word now appears in Exhibit 8, and is not in her handwriting nor that of her husband. Defendants paid rent until about the time of the fire. The trial judge found that Exhibit 1 is the true and correct form of the lease; further, that Mr. Hatt was the agent of defendants in negotiating the lease. We find no error in those rulings.

Error is claimed because of a ruling by the court admitting in evidence the testimony of plaintiff as to conversations with Mr. Hatt prior to the execution of the lease, among other things that, "They had a new truck. They were to put in a temporary partition and have this truck on one side," and that by this and other statements of Mr. Hatt the terms of the lease would be changed to a purport differing from the written lease. This testimony was admitted for some possible value as proof of the agency of Mr. Hatt and probable truth of plaintiff's claims as to the form of the lease, and not for the purpose of varying the terms of the lease. The trial judge in his findings did not rely on this testimony as varying the terms of the lease but found

negligence respecting duties imposed by the written lease in the form as found by him, Exhibit 1.

He further found,

"It seems to me that to fill one side of this garage with overstuffed furniture and mattresses and all kinds of things highly inflammable so that the fire department could not get a stream of water either in the door or window on that side, and to use the other side for renovating and manufacturing mattresses, filling that side of the garage with cotton and kapok and lint and fluff and all kinds of stuff, both inside the garage and out, all inflammable material, and then to place an oil stove in the center of such a situation as that * * * these facts bring this case squarely within the cases cited."

There is ample testimony to support the finding that defendants were negligent in the manner above indicated. The trial judge found that the fire occurred through such negligence of the defendants. That finding is affirmed. 32 Am. Jur. § 783, p. 669. *Anderson* v. *Miller*, 96 Tenn. 35 (33 S. W. 615, 31 L. R. A. 604, 54 Am. St. Rep. 812).

There is no claim nor any showing that plaintiff in any wise was contributorily negligent.

In view of the fact that a multiple dwelling was situated on the same lot on which the garage building was situated, the actions of the defendants are considered to be a violation of the State law above cited. Defendants also violated the ordinance of the city of Highland Park above quoted.

During the trial the trial court permitted amendments to the declaration pleading the State statute and the ordinance of Highland Park over defendants' objection, but allowed defendants further time to prepare additional defense. There was in that particular no abuse of discretion.

On March 6, 1941, two days after the fire, the defendants gave plaintiff notice that the fire had occurred and that the premises were wholly unsuitable for their use and that they would no longer pay rent. It seems that the trial judge disallowed plaintiff's claim for loss of rent for the remainder of the term because after being repaired the premises rented for $50 per month instead of $35 per month, so that plaintiff was considered as though compensated by increased rents for the five months' period in which she received no rent.

The undisputed testimony of Mr. Wunderlich, who repaired plaintiff's building, was that the built-up asphalt roof destroyed by the fire was replaced by him with a one-ply roof of one thickness of paper not as good as the former roof, which plaintiff testified was brand new the year before. Mr. Wunderlich also testified as to damages to the cement block walls not made good by "pointing up" the cracks; also, that the wooden partition which was burned was not replaced by him. The loss by reason of these items over and above the $1,000 paid Mr. Wunderlich for the repairs which he did make was shown by undisputed testimony and there is nothing in the testimony to dispute the estimate of Mr. Wunderlich that the total loss was $1,200. That estimate is apparently very conservative. The loss must have been $200 for the other items not made good to plaintiff on her building.

The trial judge correctly found defendants liable for damages by reason of fire and was correct in awarding plaintiff $1,000 for the bill for the repairs paid to Mr. Wunderlich, but under the uncontradicted showing should have allowed plaintiff a total of $1,200.

The judgment appealed from is reversed and the case remanded for entry of judgment in favor of the plaintiff and against defendants for $1,200, with costs to plaintiff.

Starr, C. J., and North, Wiest, Butzel, Bushnell, Sharpe, and Boyles, JJ., concurred.