## WEST AMERICAN INSURANCE COMPANY v PIC WAY SHOES OF CENTRAL MICHIGAN, INC

Docket No. 54490. Submitted June 4, 1981, at Lansing.—Decided October 21, 1981.

Pic Way Shoes of Central Michigan, Inc., leased certain commercial property from J. A. Investment Company. Under the terms of the lease, the lessor was to provide fire insurance and to endorse the insurance policy over to Pic Way. The insurance was obtained but the policy was never endorsed as promised. The lessor had also promised to repair at its own expense any damage resulting from fire. The premises were subsequently damaged by fire. West American Insurance Company, the insurer, paid $150,000 to the lessor's assignee pursuant to the terms of the insurance policy and then filed suit in Genesee Circuit Court against Pic Way on the basis that the fire was due to defendant's negligence. The trial court granted summary judgment in favor of defendant, Harry B. McAra, J. Plaintiff appeals. *Held:*

The trial court was correct in granting summary judgment. Pic Way was relieved of liability for fire damage by its own negligence when the lessor agreed to provide fire insurance for the benefit of both parties. Plaintiff, as subrogee of the lessor, stands in the shoes of the lessor and acquires no greater rights than those possessed by it.

Affirmed.

SUBROGATION — SUBROGEE'S RIGHTS.

A subrogee acquires no greater rights than those possessed by his subrogor.

*Charles F. Filipiak,* for plaintiff.

*Brownell, Andrews, Philpott & Piper,* for defendant.

REFERENCE FOR POINTS IN HEADNOTE

[1] 73 Am Jur 2d, Subrogation § 11.

Before: BEASLEY, P.J., and M. J. KELLY and N. A. BAGULEY,* JJ.

N. A. BAGULEY, J. This appeal concerns a subrogee's right to proceed against a lessee of commerical property where the lease requires the lessor to carry fire insurance to cover the replacement value of the building.

Defendant entered into a lease with J. A. Investment Company. The lease provided that the lessor would carry fire insurance and have the policy endorsed to defendant. The lessor also promised to repair at its own expense any damage resulting from fire.

J. A. Investment obtained the required insurance policy but failed to endorse it in defendant's name. Thereafter, the premises were damaged by fire. Plaintiff paid the lessor's assignee $150,000 pursuant to its policy of insurance and commenced suit against defendant on the basis that the fire was due to defendant's negligence. Summary judgment was granted in defendant's favor on October 6, 1980.

Plaintiff filed its complaint against defendant based on its subrogation rights. While Michigan appellate courts have not addressed the precise question involved here, we have reviewed the law of other jurisdictions and conclude that the trial court correctly granted summary judgment for defendant.

A subrogee acquires no greater rights than those possessed by his subrogor. *Foremost Life Ins Co v Waters,* 88 Mich App 599, 603; 278 NW2d 688 (1979). In *American Fidelity & Casualty Co v Simmons,* 253 F2d 634 (CA 4, 1958), the defendant leased a truck from Webb Transfer Lines, Inc., in

* Circuit judge, sitting on the Court of Appeals by assignment.

North Carolina. The lease agreement provided that the lessor was responsible for procuring collision insurance. The plaintiff issued a liability insurance policy to Webb Transfer Lines. The truck was subsequently destroyed in an accident. Plaintiff paid Webb for its losses and sued the defendant as Webb's subrogee. The court found in favor of the defendant, stating as follows:

"[I]t would be unconscionable, in the light of the provision in the lease agreement, to allow Webb to recover of Simmons indemnity for the liability which Webb had agreed with Simmons to cover with insurance; and, of course, the rights of the casualty company by way of subrogation cannot be superior to the rights of Webb." *Simmons, supra,* 636.

See also *General Mills, Inc v Goldman,* 184 F2d 359, 364-366 (CA 8, 1950), *cert den* 340 US 947, *Rizzuto v Morris,* 22 Wash App 951, 954-956; 592 P2d 688, 690 (1979).

The lessor here agreed to provide fire insurance for the benefit of both parties, and the lessee was thereby relieved of liability for fire damage occasioned by its own negligence. *Woodruff v Wilson Oil Co, Inc,* 382 NE2d 1009 (Ind App, 1978). Plaintiff here stands in the shoes of the lessor, and since it alleges no more than simple negligence, see *Nationwide Mutual Fire Ins Co v Detroit Edison Co,* 95 Mich App 62; 289 NW2d 879 (1980), the trial court was correct in granting summary judgment.

Affirmed.