STEFANI v CAPITAL TIRE, INC

Docket No. 97262. Submitted February 16, 1988, at Detroit. Decided
    June 6, 1988. Leave to appeal applied for.

Frank L. and Carol Stefani owned a building which was leased to
    Capital Tire, Inc. The lease agreement provided that Capital
    Tire would pay as additional rent all premiums for insurance
    against loss by fire on the premises and the improvements
    thereon and that Capital Tire would keep the premises fully
    insured against fire damage. The building was destroyed by a
    fire which Capital Tire negligently caused, and the Stefanis
    received $225,000 from the insurance company. The Stefanis
    filed suit against Capital Tire in Oakland Circuit Court to
    recover the difference between the $225,000 they received and
    the value of the building when it was destroyed. Defendant
    filed a motion for summary disposition arguing that it was
    entitled to summary disposition because there was no clause in
    the lease agreement pursuant to which defendant unequivo-
    cally agreed to be liable to plaintiffs for fire damage due to its
    own negligence. The motion was denied, Robert L. Templin, J.
    Following trial, the jury awarded plaintiffs $50,000 in damages
    and $36,511.54 in interest. Defendant appealed.

    The Court of Appeals *held:*

    1. Defendant's contention that the trial court erred in deny-
ing its motion for summary disposition is rejected. The lease
was clear and unambiguous on the issue of defendant's duty to
pay all premiums to maintain fire insurance on the premises.

    2. The trial court did not err by refusing defendant's request
to submit to the jury the question whether defendant owed
plaintiffs a duty to be responsible for negligently caused fire
damage.

    Affirmed.

1. LANDLORD AND TENANT — LEASES — LIABILITY FOR FIRE LOSS.
    A tenant which clearly and unambiguously agrees to pay all

REFERENCES
Am Jur 2d, Landlord and Tenant §§ 272, 873, 935.
Validity of exculpatory clause in lease exempting lessor from
    liability. 49 ALR3d 321.

premiums to fully insure the leased premises against fire damage owes a duty to the lessor or insurer which would support a negligence claim for such damages where the damage results from a fire caused by the tenant's negligence.

2. NEGLIGENCE — DUTY — QUESTIONS OF LAW.
   The question whether the defendant in a negligence action owes an actionable legal duty to the plaintiff is one of law which the court decides after assessing the competing policy considerations for and against recognizing the asserted duty.

*Frank & Stefani* (by *Sidney L. Frank*), for plaintiffs.

*Stephen M. Wittenberg, P.C.* (by *Stephen M. Wittenberg*), for defendant.

Before: D. E. HOLBROOK, JR., P.J., and DOCTOROFF and C. W. SIMON, JR.,* JJ.

DOCTOROFF, J. Defendant appeals as of right from a jury verdict awarding plaintiffs $50,000 in damages as well as $36,511.54 in interest. We affirm.

This action arises out of the destruction by fire of a building that plaintiffs owned. Defendant had leased the premises from plaintiffs since 1962, and at the time the building was destroyed, the parties were operating under a lease agreement that had been executed in 1977.

Paragraph 5 of the lease provides:

In addition to the rentals hereinbefore specified, the Tenant agrees to pay as additional rental all premiums for insurance against loss by fire on the premises and on the improvements situated on said premises.

The parties obliterated the words contained in paragraph 13 of the standard lease contract and

* Circuit judge, sitting on the Court of Appeals by assignment.

replaced that provision by paragraph 13 of an addendum to the lease which provides:

> Tenant shall be responsible for making all repairs to the interior and exterior of the premises including the exterior walls, roof, air conditioning and plumbing. In the event Tenant fails to promptly make repairs to the premises, the Landlord shall have the right to make such repairs and to invoice the Tenant for the full amount of said repairs, which amount shall then become additional rent due on the first of the following month.
>
> In addition, Tenant shall keep the premises fully insured against fire and casualty and plate glass damage.

Following the building's destruction by fire, which defendant has conceded that it negligently caused, plaintiffs received $225,000 from insurance and brought this action in order to recover the difference between that amount and the value of the building when it was destroyed.

Prior to trial, defendant filed a motion for summary disposition, MCR 2.116(C)(8) and (10), which was denied.

At trial, plaintiff Frank Stefani, who was also president and chief executive officer of defendant and who owned more than fifty percent of its stock, testified that it was his understanding that, pursuant to the lease, defendant was obligated to insure the building. He also stated that defendant paid the insurance premiums.

Defendant first claims that the trial court erred by denying its motion for summary disposition on plaintiffs' negligence claim because there is no clause in the lease pursuant to which defendant unequivocally agreed to be liable to plaintiffs for fire damage due to its own negligence. Although the trial court did not specify the subsection of the

court rule on which it based its decision, we find its denial of defendant's motion to have been proper under both standards.

A motion for summary judgment pursuant to MCR 2.116(C)(8) is designed to test the legal sufficiency of the claim as determined from the pleadings alone. All factual allegations are accepted as true along with any inferences or conclusions which may fairly be drawn from them. The motion should be granted only where the claim is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recovery. *Woody v Tamer,* 158 Mich App 764, 766-767; 405 NW2d 213 (1987).

Summary disposition pursuant to MCR 2.116(C)(10) tests the factual support for a claim. *Maccabees Mutual Life Ins Co v Dep't of Treasury,* 122 Mich App 660, 663; 332 NW2d 561 (1983), lv den 417 Mich 1100.15 (1983). The test is whether the record which might be developed, giving the benefit of reasonable doubt to the opposing party, would leave open an issue upon which reasonable minds might differ. *Rizzo v Kretschmer,* 389 Mich 363, 371-373; 207 NW2d 316 (1973). In order to grant the motion under this subrule, the court must be satisfied that it would be impossible for the claim to be supported at trial because of some deficiency which cannot be overcome. *Id.*

Defendant based its motion on this Court's decision in *New Hampshire Ins Group v Labombard,* 155 Mich App 369; 399 NW2d 527 (1986), lv den 428 Mich 911 (1987). In that case, an apartment occupied by the defendant-tenant was rendered uninhabitable by a fire allegedly caused by the negligence of defendant's three-year-old daughter. Plaintiffs filed suit alleging negligence. Defendant moved for summary judgment for failure to state a claim, arguing that, as a matter of law, a tenant is

not liable for fire damage caused by her own negligence. The trial court granted defendant's motion.

This Court affirmed the decision of the trial court, holding:

> We hold that, absent an express and unequivocal agreement by a tenant to be liable to the lessor or the lessor's fire insurer in tort for negligently caused fire damage to the premises, the tenant has no duty to the lessor or insurer which would support a negligence claim for such damages. [*Id.,* p 377.]

Defendant contends that, because there was no clause in the lease pursuant to which it consented to be liable for fire damage caused by its own negligence, it has no duty to plaintiffs which supports their claim. We disagree and find *Labombard* distinguishable from the present case, as did the trial court.

The *Labombard* Court seemed especially concerned about two interrelated factors: the provisions in the lease agreement about fire insurance and the expectations of the parties. The Court discussed the rights and obligations of the landlord and the tenant under the lease. Among the obligations of the tenant was an agreement to "observe all fire and other regulations imposed by any government authority, and all regulations and requirements of underwriters concerning the use and conditions of the premises so as to reduce fire hazards and insurance rates . . . . [I]f the premises became wholly untenantable through fire damage not due to defendant's negligence, the agreement would be void." *Id.,* p 373. The Court then noted:

> The rental agreement did not address the issue

of defendant's liability for fire damage to the premises resulting from her negligence. Cf., *Nationwide Mutual Fire Ins Co v Detroit Edison Co,* 95 Mich App 62; 289 NW2d 879 (1980), lv den 409 Mich 854 (1980). In similar situations, courts of other jurisdictions have ruled that defendant tenants are entitled to summary judgment. [*Id.,* p 374.]

The *Labombard* Court also examined the intent of the parties in reaching its conclusion. As evidenced by the obligations assumed by the defendant-tenant, the Court determined that the agreement clearly evidenced the parties' mutual expectation that fire insurance would be obtained by the lessor.

In the present case, the lease was not silent on the issue of fire insurance. Pursuant to the terms of the lease, defendant agreed to pay all premiums for insurance against loss by fire and agreed pursuant to the addendum to keep the premises fully insured against fire damage. Defendant could not reasonably believe that a portion of its rental payment was allocated to pay fire insurance premiums, contrary to the situation presented in *Labombard.* Therefore, while defendant did not expressly assume liability for fire damage caused by its own negligence, the lease was clear and unambiguous on the issue of defendant's duty to maintain fire insurance. See *Hull v Detroit Equipment Installation, Inc,* 12 Mich App 532, 534; 163 NW2d 271 (1968).

Notwithstanding its broadly worded holding, therefore, *Labombard* does not apply to this case. The trial court thus did not err by denying defendant's motion for summary disposition.

Defendant next claims that the trial court erred by refusing to instruct the jury that it was to

determine whether defendant owed plaintiffs a duty.

In *Friedman v Dozorc,* 412 Mich 1, 22; 312 NW2d 585 (1981), our Supreme Court held:

> In a negligence action the question whether the defendant owes an actionable legal duty to the plaintiff is one of law which the court decides after assessing the competing policy considerations for and against recognizing the asserted duty.

See also *Moning v Alfono,* 400 Mich 425, 436-438; 254 NW2d 759 (1977).

Accordingly, the trial court did not err by refusing defendant's request to submit to the jury the question whether a duty existed.

Affirmed.