THE MILBRAND COMPANY v LUMBERMENS MUTUAL
INSURANCE COMPANY

Docket No. 105554. Submitted October 12, 1988, at Detroit. Decided
    February 23, 1989.

The Milbrand Company owned property which it leased to Bauer-
    Brand, Ltd., and John T. Bauer under a lease providing that (1)
    the tenants were responsible for obtaining insurance on the
    premises for loss from fire or other casualty in an amount not
    less than eighty percent of the replacement cost, (2) if the
    premises were destroyed by fire or other casualty, the landlord
    would be responsible for restoring the premises to a good
    tenable condition to the extent the premises were insured, (3)
    the tenants were solely responsible for all repairs and improve-
    ments to the premises during the term of the lease, and (4)
    tenants were responsible for keeping the premises in good
    repair and at the termination of the lease were to deliver the
    premises in like condition as when taken, "reasonable use and
    wear thereof and damage by the elements excepted." The
    property was damaged as a result of ice and snow accumulation
    on the roof. Milbrand brought an action against Lumbermens
    Mutual Insurance Company, the insurer of the property, Bauer-
    Brand, Ltd., and John Bauer in the Macomb Circuit Court
    seeking a declaratory judgment as to the insurance proceeds
    and alleging negligence against Bauer and Bauer-Brand in
    allowing the snow and ice accumulation. The court granted a
    judgment for plaintiff as to the insurance provisions. Plaintiff
    then settled with the insurer in an agreement which called for
    both subrogation to and reimbursement of the insurer. The
    court, Robert J. Chrzanowski, J., then granted summary dispo-
    sition for Bauer and Bauer-Brand, holding that, because of the
    subrogation agreement, plaintiff was no longer the real party in
    interest and that a tenant is not liable to a landlord for
    negligently causing casualty damage to a premises when such
    loss is covered by insurance. Plaintiff appealed.

    The Court of Appeals *held:*

REFERENCES

Am Jur 2d, Landlord and Tenant § 922 *et seq.*

Liability of tenant for damage to the leased property due to his acts
    or neglect. 10 ALR2d 1012.

1. Plaintiff's claim was subrogated only to the amount recovered by insurance. Since plaintiff claimed that the loss was not totally compensated by the insurance proceeds, plaintiff still has an interest in the action. The trial court erred in granting summary disposition on the basis that plaintiff was not a real party in interest.

2. Absent an unequivocal agreement by a tenant to be liable to the lessor or lessor's insurer in tort for negligently caused casualty damage to the premises, the tenant has no duty to the lessor or insurer which would support a negligence claim for such damages. Since there was no such agreement, the court properly granted summary judgment on this basis.

Affirmed.

NEGLIGENCE — LANDLORD AND TENANT — CASUALTY LOSSES.

Absent an unequivocal agreement by a tenant to be liable to the lessor or lessor's insurer in tort for negligently caused casualty damage to the premises, the tenant has no duty to the lessor or insurer which would support a negligence claim for such damages.

*Dayna Milbrand,* for plaintiff.

*Jeffry M. Bauer,* for John T. Bauer and Bauer-Brand, Ltd.

Before: WEAVER, P.J., and MAHER and C. W. SIMON, JR.,* JJ.

C. W. SIMON, JR., J. Plaintiff Milbrand Company appeals as of right from the lower court order granting summary disposition in favor of Bauer-Brand, Ltd., and John T. Bauer, hereafter defendants. We affirm. Defendant Lumbermens Mutual Insurance Company settled with plaintiff prior to trial and is not interested in this appeal.

Plaintiff is the owner of real property consisting of a sawmill and equipment located in Charlevoix County, Michigan. The parties entered into a lease agreement on December 16, 1981, and defendants

* Circuit judge, sitting on the Court of Appeals by assignment.

began occupying the property and operating a sawmill.

The lease provided that (1) the tenants, defendants, were responsible for obtaining insurance on the premises for loss from fire or other casualty in an amount not less than eighty percent of the replacement cost; (2) if the premises were destroyed by fire or other casualty, the landlord, plaintiff, would be responsible for restoring the premises to a good tenable condition to the extent the premises were insured; (3) the tenants were solely responsible for all repairs and improvements to the premises during the term of the lease; and (4) tenants were responsible for keeping the premises in good repair and at the termination of the lease were to deliver the premises in like condition as when taken, "reasonable use and wear thereof and damage by the elements excepted."

On March 11 or 12, 1986, a section of the roof of the building collapsed, apparently as a result of ice and snow accumulation. Defendants claim that this was caused by a severe ice storm on or about the night of March 11, 1986. Plaintiff brought the instant suit on April 23, 1986, seeking declaratory judgment for the insurance proceeds and also alleging negligence against defendants for allowing snow and ice to accumulate on the roof in violation of the lease provisions. The trial court granted declaratory judgment as to the insurance proceeds, which was unopposed by defendants. Thereafter, plaintiffs entered into a settlement agreement with Lumbermens for the insurance proceeds in the amount of $104,000. The agreement contained a subrogation clause.

Plaintiff claimed that the insurance proceeds did not cover the entire loss and continued its negligence claims against defendants. Defendants

moved for summary disposition on this claim, which was granted by the trial court under MCR 2.116(C)(10), in an opinion and order dated December 1, 1987. The trial court ruled that (1) plaintiff was no longer the real party in interest, having subrogated its claims to Lumbermens; and (2) as a matter of law, a tenant is not liable to a landlord for negligently causing casualty damage to the premises when such loss is covered by insurance. Plaintiff appeals both of these rulings by the trial court.

A motion for summary disposition under MCR 2.116(C)(10) tests the factual sufficiency of plaintiff's claim. The court must give the benefit of any reasonable doubt to the party opposing the motion and grant the motion only if it is impossible for the claim to be supported at trial because of a deficiency which cannot be overcome. *Struble v Lacks Industries, Inc,* 157 Mich App 169, 172-173; 403 NW2d 71 (1986).

The first basis of the trial court's ruling is that plaintiff was not the real party in interest. It is a mandatory rule that an action must be prosecuted in the name of the real party in interest. MCR 2.201(B).

The trial court relied on *Sinai Hospital of Detroit v Sivak,* 88 Mich App 68; 276 NW2d 518 (1979), lv den 406 Mich 958 (1979), in its ruling that plaintiff was no longer the real party in interest by virtue of its settlement agreement with Lumbermens. The *Sivak* Court held that the subrogee is generally recognized as the real party in interest, and an insured, who no longer has any interest in the recovery, cannot sue. *Id.,* p 72. The trial court held that, since plaintiff had subrogated its rights to Lumbermens, it no longer had an interest in the recovery.

The relevant portion of the settlement agreement between plaintiff and Lumbermens states:

> In consideration of the payment to be made hereunder, the insured does hereby subrogate to said insurer all right, title and interest in and to the property for which claim is being made hereunder, and agrees to immediately notify said insurer in case of any recovery of the property for which claim is being made hereunder, and will render all assistance possible in any endeavor to recover said property. Insured also agrees to turn over to said insurer, any such recovery which may be made, or reimburse said insurer in full to the extent of the payment for such property which may be recovered.

Our reading of the language "reimburse said insurer in full to the extent of the payment for such property" indicates that Lumbermens is subrogated only to the amount it paid to plaintiff, and is not entitled to any amount plaintiff would recover above that amount. Because plaintiff claims that its total loss was not covered by Lumbermens, it still has an interest in this action. Therefore the trial court erred by granting summary disposition in favor of defendants on grounds that plaintiff was not a real party in interest.

However, we disagree with plaintiff that the trial court erred by granting summary disposition in favor of defendants on the basis of this Court's holding in *New Hampshire Ins Group v Labombard,* 155 Mich App 369; 399 NW2d 527 (1986), lv den 428 Mich 911 (1987).

In *Labombard,* defendant-tenant's three-year-old daughter started a fire in plaintiff-landlord's building by playing with matches, causing $20,808.40 in damages. The plaintiff-insurer paid the landlord $20,558.40 for the loss and was subrogated to all

the landlord's claims. Both plaintiffs sued defendant-tenant for negligence for allowing her daughter to play with matches, and requested damages in the amount of the landlord's total loss. *Id.,* pp 370-371. The rental agreement did not address the issue of tenant's liability for fire damage caused by her negligence. *Id.,* p 374. The *Labombard* Court extensively reviewed the law in other jurisdictions, and stated:

> We hold that, absent an express and unequivocal agreement by a tenant to be liable to the lessor or the lessor's fire insurer in tort for negligently caused fire damage to the premises, the tenant has no duty to the lessor or insurer which would support a negligence claim for such damages. [*Id.,* p 377.]

The *Labombard* Court reasoned:

> We are persuaded that a tenant may reasonably expect that his or her rental payments will be used to cover the lessor's ordinary and necessary expenses, including fire insurance premiums. Tenants reasonably expect that, by effectively contributing to the premium payments, they will occupy a position akin to the insured and will be free from tort liability for negligently caused fire damage to the premises. [*Id.,* pp 376-377.]

This Court in *Stefani v Capitol Tire, Inc,* 169 Mich App 32; 425 NW2d 500 (1988), examined the *Labombard* decision and held that an exception exists where the defendant-tenant, by the terms of the lease, assumes the obligation of keeping the premises fully insured against casualty loss. In *Stefani,* the lease agreement clearly evidenced the parties' mutual expectation that it was the defendant-tenant's duty to keep the premises fully insured. Therefore the defendant-tenant could not

reasonably believe that a portion of its rental payment was allocated to pay fire insurance premiums, and the reasoning of *Labombard* was inapplicable. *Stefani,* p 37.

However, in the instant case we agree with the trial court that *Labombard* controls. While the lease agreement between plaintiff and defendants provided that defendants were responsible for obtaining casualty insurance for the building, it also provided that, if defendants failed to adequately insure the premises, plaintiff could obtain insurance and charge defendants the cost of that insurance as additional rent. The lease agreement between plaintiff and defendants, unlike that in *Stefani,* placed the duty on plaintiff to ensure that the building was adequately insured against casualty loss. The duty on defendants was merely to cover the cost of that insurance.

To summarize, *Labombard* held that, absent an unequivocal agreement by a tenant to be liable to the lessor or lessor's insurer in tort for negligently caused casualty damage to the premises, the tenant has no duty to the lessor or insurer which would support a negligence claim for such damages. *Stefani* is an example of a factual situation where the defendant tenant expressly and unequivocally agreed to assume the risk of casualty loss for the premises. In the instant case, the only duty expressly and unequivocally agreed to by defendants was to pay for the cost of the casualty insurance on the building. It was plaintiff's duty to ensure that the coverage was in place. Therefore, *Labombard* applies, and an action cannot lie against defendants for negligently caused property damage to plaintiff's premises. The trial court properly granted summary disposition in favor of defendants.

Affirmed.