RELIANCE INSURANCE COMPANY v EAST-LIND HEAT TREAT, INC

Docket No. 104230. Submitted January 4, 1989, at Detroit. Decided March 6, 1989.

Ferrous Metal Processing, Inc., a wholly owned subsidiary of Nor-Cote, Inc., leased its premises to East-Lind Heat Treat, Inc., under an agreement obligating East-Lind to pay Ferrous Metal for the cost of a fire insurance policy on the leased premises. Ferrous Metal obtained a fire insurance policy from Reliance Insurance Company. The leased premises suffered damage in a fire. Reliance paid Ferrous Metal for its insured loss and, as subrogee of Ferrous Metal and Nor-Cote, commenced an action in Macomb Circuit Court against East-Lind, alleging that the fire was caused by defendant's negligence and that defendant was liable for the insurance proceeds paid to Ferrous Metal. Ferrous Metal and Nor-Cote joined in the action as plaintiffs, seeking a recovery for their uninsured loss. The trial court, Robert J. Chrzanowski, J., granted summary disposition in favor of defendant, ruling that there were no genuine issues of material fact and defendant was entitled to judgment as a matter of law since the lease contained no express and unequivocal agreement by defendant to be liable in tort for a negligently caused fire to the premises. Plaintiffs appealed.

The Court of Appeals *held:*

1. Under the clear and unambiguous terms of the lease, the lessor's exclusive remedy was limited to the proceeds payable under the policy. Reliance, as subrogee of the lessor, cannot recover from the defendant lessee. Defendant was therefore entitled to summary disposition as to Reliance's claim. In reaching this conclusion, the trial court employed the wrong reasoning. However, since the right result was reached, the trial court's grant of summary disposition is affirmed.

2. In view of the absence in the lease of language assigning the risk of uninsured loss to either lessor or lessee, the absence

REFERENCES

Am Jur 2d, Landlord and Tenant § 922 *et seq.*

Liability of tenant for damage to the leased property due to his acts or neglect. 10 ALR2d 1012.

of language limiting the lessee's obligation to pay premiums to any amount and the fact that the lessor obtained the policy, it was the clear intent of the parties that the lessor was to bear the risk that the policy limit would be insufficient to cover total loss. Thus, defendant was entitled to summary disposition as to the claim by Ferrous Metal and Nor-Cote. In reaching this conclusion, the trial court employed the wrong reasoning. However, since the right result was reached, the grant of summary disposition is affirmed.

Affirmed.

LANDLORD AND TENANT — LEASES — LIABILITY FOR FIRE LOSS.

Where a lease expressly requires the tenant to pay the landlord for the cost of insuring the leased premises against fire loss, but is silent as to who bears the risk of any uninsured fire loss, and the landlord obtains a fire insurance policy whose extent of coverage was decided solely by the landlord, the tenant owes no duty to the landlord or its insurer which would support a negligence claim for fire damage caused by the tenant's own negligence.

*Fletcher & Tice, P.C.* (by *Robert C. Tice*), for plaintiffs.

*Denenberg, Tuffley, Bocan, Jamieson, Black, Hopkins & Ewald, P.C.* (by *John L. Hopkins, Jr.,* and *Lisa B. Schneider*), for defendant.

Before: GILLIS, P.J., and SHEPHERD and SAWYER, JJ.

SHEPHERD, J. This case involves a landlord's claim and an insurer's subrogation claim against a tenant for fire-related damages to leased premises allegedly caused by the tenant's own negligence. On October 2, 1987, the trial court granted summary disposition under MCR 2.116(C)(10) in favor of the tenant, defendant East-Lind Heat Treat, Inc., for the reason that the lease agreement contained no express and unequivocal agreement by the tenant to be liable in tort for a negligently caused fire to the premises and, hence, there was no duty. Plaintiffs appeal as of right. We affirm.

On February 14, 1979, plaintiff Nor-Cote, Inc.'s wholly owned subsidiary, Ferrous Metal Processing, Inc. (hereafter collectively referred to as the landlord), entered into a ten-year commercial lease agreement with defendant. The agreement obligated defendant to keep the premises in good repair and, at the expiration of the lease, to return the premises "in like condition as when taken, reasonable use and wear thereof and damage by the elements excepted." The agreement also obligated the defendant to pay the landlord for the fire insurance premium on the leased premises. Plaintiff Reliance Insurance Company issued the fire insurance policy to the landlord, and the landlord billed defendant for the premium.

On September 18, 1979, the leased premises were damaged by fire. The insurer, Reliance, paid the landlord for its fire-related damage. The insurer then commenced this lawsuit as subrogee to the landlord, alleging that defendant was liable in negligence for the proceeds it paid to the landlord. The landlord also joined in the lawsuit, seeking a recovery of its uninsured loss.

The sole issue on appeal concerns the effect of the insurance agreement in the lease on defendant's liability for an alleged negligently caused fire. Plaintiffs rely on four Supreme Court cases to argue that a landlord has a common-law right to recover against a tenant for damages caused by a tenant's own negligence. However, none of the cases relied on stand for the proposition that a tenant's duty is determined apart from the terms of the lease. Nor do the cases consider the effect of an insurance agreement on the tenant's duty. See *Van Wormer v Crane,* 51 Mich 363; 16 NW 686 (1883) (determining a tenant's duty in light of a tenant's covenant to repair and an express exception to the covenant for "damages by the ele-

ments"); *Stevens v Pantlind,* 95 Mich 145; 54 NW 716 (1893) (cause of action based on the tenant's alleged negligent performance of duties under the lease); *Hale v Cole,* 241 Mich 624; 217 NW 898 (1928) (issues related to whether the person causing the fire was an agent or tenant; there was no issue pertaining to a tenant's duty or insurance); *Stone v Posen,* 310 Mich 712; 17 NW2d 870 (1945) (liability found based on the negligent performance of a duty under the lease, i.e., a covenant requiring the tenant to maintain the premises in accordance with governmental regulations). Hence, we find no merit in plaintiffs' argument that these cases establish a common-law right to recover or are otherwise dispositive of this case.

We turn to a consideration of those cases that have addressed the effect of an insurance agreement on the tenant's duty. In *West American Ins Co v Pic Way Shoes of Central Michigan, Inc,* 110 Mich App 684, 686; 313 NW2d 187 (1981), this Court held that a tenant is relieved of liability where the landlord agrees to provide fire insurance for the benefit of both parties. Then, in *New Hampshire Ins Group v Labombard,* 155 Mich App 369, 377; 399 NW2d 527 (1986), lv den 428 Mich 911 (1987), this Court established a broad rule:

> We hold that, absent an express and unequivocal agreement by a tenant to be liable to the lessor or the lessor's fire insurer in tort for negligently caused fire damage to the premises, the tenant has no duty to the lessor or insurer which would support a negligence claim for such damages.

Unlike *West American, supra,* there was no express agreement on the part of the landlord in *Labombard* to provide fire insurance. Instead, the Court looked to other terms of the lease, i.e., the tenant's duty "to allow the lessor to show the

property to insurance agents," to conclude that the tenant had a reasonable expectation that rental payments would be used to cover the lessor's ordinary and necessary expenses, including fire insurance premiums. *Id.,* p 376.

This Court in *Stefani v Capital Tire, Inc,* 169 Mich App 32; 425 NW2d 500 (1988), lv den 431 Mich 884 (1988), retracted from the broad holding in *Labombard* by finding the facts distinguishable and the holding inapplicable. The *Stefani* Court did, however, follow the analytic approach in *Labombard* by looking to the express terms of the lease and the intent of the parties to determine whether there was a duty. The landlord in that case brought suit to recover the difference between its fire insurance proceeds and the value of the building which was destroyed as a result of the tenant's alleged negligence. Under the lease, the tenant had agreed to pay all premiums for insurance against loss by fire and, pursuant to an addendum, to keep the premises fully insured against fire damage. This Court found the language of the lease clear and unambiguous as it pertained to the tenant's duty to maintain fire insurance and, hence, the landlord was allowed to proceed on its negligence claim.

This case is similar to *Stefani,* except for the lack of any express agreement on the part of the tenant to keep the premises fully insured against fire damage. As in *Stefani,* we find that *Labombard* is distinguishable from this case inasmuch as the lease is not silent on the issue of fire insurance premiums. We turn to a consideration of the express terms of the lease to determine whether summary disposition under MCR 2.116(C)(10) was appropriate. A motion on this basis tests the factual support for a claim. *Stefani, supra,* p 35. In order to grant summary disposition under this

subrule, the court must be satisfied that it would be impossible for the claim to be supported at trial because of some deficiency which cannot be overcome. *Id.*

When a lease is unambiguous, what the parties intended by the language employed in the lease is determined as a matter of law for the court and not as a question for consideration by the factfinder. *Hull v Detroit Equipment Installation, Inc,* 12 Mich App 532, 534; 163 NW2d 271 (1968).

The lease here is unambiguous. It clearly obligated the defendant as tenant to pay a fixed monthly rental fee plus real estate taxes and "insurance, five [sic] and extended coverage on said premises." The landlord, in fact, obtained fire insurance that covered part of its loss. To the extent that there was coverage, reasonable minds could not differ in concluding that the landlord's exclusive remedy was limited to the proceeds under the policy. Logic dictates that a tenant would not agree to pay for fire insurance premiums unless it also would obtain the benefits of the policy. Plaintiff Reliance's subrogation claim is based on the landlord's insurance recovery. Since there is no factual support for this claim in light of the clear and unambiguous language of the lease, we hold that the trial court correctly granted summary disposition in favor of defendant on plaintiff Reliance's claim. While we disagree with the trial court's reliance on *Labombard* as its reason for granting summary disposition in favor of defendant, the correct result was reached and, therefore, the decision is affirmed.

With regard to the landlord's claim for its uninsured loss, we find this issue more problematic. As previously noted, this case is distinguishable from *Stefani* in that the defendant-tenant in this case did not expressly agree to keep the premises fully

insured against fire damage. The lease merely provides that the defendant agreed to pay fire insurance premiums. Under these circumstances, the central question becomes whether the parties intended that the landlord or tenant bear the risk that the policy limit would be sufficient to fully cover the loss.

In view of the absence of language assigning this risk to either party, the absence of language limiting the tenant's obligation to pay premiums to any amount and the fact that the landlord obtained the policy, we find that the clear intent of the parties was that the landlord was to bear the risk that the policy limit would be insufficient to cover total loss. The tenant's only duty under the terms of the lease was to pay fire insurance premiums. The tenant had no duty to determine whether the landlord obtained sufficient insurance to fully protect its property against fire damage. Under the lease the landlord had the right to secure adequate coverage and bill the tenant for the full amount of the premium. The failure of the landlord to do so may not be blamed on the tenant.

For these reasons, we hold that the trial court reached the correct result when it found that the defendant-tenant was not liable for the plaintiff-landlord's uninsured loss. Since the correct result was reached as to both plaintiffs, the grant of summary disposition in favor of defendant is affirmed. *Gilbert v Grand Trunk W R Co*, 95 Mich App 308, 313; 290 NW2d 426 (1980), lv den 410 Mich 854 (1980).

Affirmed.